**FALLS COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. 1, Appellant,**

v.

**Charles S. HAAK and Wife, Lorena Haak, Appellees.**

No. 10–05–00127–CV.

Court of Appeals of Texas, Waco.

Feb. 7, 2007.

Matt John Morrison, Beard Kultgen Brophy Bostwick & Dickson, Waco, for appellant.

R. Coke Mills, Mills Millar & Cullar, Waco, for appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Appellant Falls County Water Control and Improvement District No. 1 appeals the trial court's order granting attorney's fees in favor of Appellees Charles and Lorena Haak. We will affirm.

### Background

The Water District filed a condemnation suit against the Haaks seeking to acquire an easement over their property. After filing the original petition, it amended its petition to enlarge the area sought to be condemned. The Haaks filed a Plea in Opposition to the Court's Jurisdiction alleging that the trial court did not have jurisdiction because the Water District failed to make a new, reasonable and bona fide offer for the taking of this property upon amending the petition. They also requested that "the Court award them full reimbursement of attorney's fees and expenses which they have incurred in the defense of their rights and property in this proceeding."

The trial court granted the plea to the jurisdiction and dismissed the proceeding. The Order of Dismissal was dated July 23, 2004. On September 24, 2004, the Haaks filed another motion to recover attorney's fees and other expenses pursuant to Texas Property Code section 21.019(c), and then filed an amended motion on October 27, 2004. Although they alleged the trial court maintained jurisdiction over the case, they also filed a Motion for Enlargement of Time to File Request for Attorney's Fees and Expenses pursuant to Texas Rule of Civil Procedure 5. The trial court granted the motion for recovery of attorney's fees.

### Trial Court's Plenary Power

The trial court's plenary power expires thirty days after the date a final

judgment is signed. *See Lane Bank Equip. Co. v. Smith S. Equip., Inc.,* 10 S.W.3d 308, 310 (Tex.2000). A judgment is final "if it disposes of all pending parties and claims." *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex.2001). To determine whether a judgment disposes of all pending claims and parties, it may be necessary for the appellate court to look to the record in the case. *Id.* There must be some "clear indication that the trial court intended the order to completely dispose of the entire case." *Id.* at 205. The intention of the court is determined "from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties." *Id.* at 203.

■■■■ The Water District argues that "claims" must be asserted in a pleading and that a Motion in Opposition to the Court's Jurisdiction is not a pleading. The Texas Rules of Civil Procedure require that pleadings give fair notice of a claim asserted. *See* TEX.R. CIV. P. 45, 47. The purpose of the fair notice requirement is to provide the opposing party with sufficient information to prepare a defense. *Paramount Pipe & Supply Co. v. Muhr,* 749 S.W.2d 491, 494 (Tex.1988). We find that the motion was a sufficient pleading as it put the Water District on notice of the claim for attorney's fees. Because the record indicates that the July 23 order did not dispose of this claim, we find that the order was not a final judgment and the trial court's plenary power had not expired at the time of the Order Granting Recovery of Attorney's Fees. Accordingly, we overrule the Water District's first and second issues.

### Reasonableness of Attorney's Fees

■■■■ A court that renders a judgment denying the right to condemnation may grant the property owner reasonable and necessary attorney's fees. TEX. PROP.

CODE ANN. § 21.019(c) (Vernon 2004). The determination of reasonable attorney's fees is a question for the trier of fact. *See Ragsdale v. Progressive Voters League,* 801 S.W.2d 880, 882 (Tex.1990). Factors to be considered in determining the amount of reasonable attorney's fees include: (1) the time and labor required, novelty and difficulty of the question presented, and the skill required to properly perform the legal service; (2) the likelihood that the acceptance of employment precluded other employment by the lawyer; (3) the fee customarily charged in the locality for similar services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(b), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9); *Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812, 818 (Tex.1997). The court is not required to receive evidence on each of these factors. *Burnside Air Conditioning & Heating, Inc. v. T.S. Young Corp.,* 113 S.W.3d 889, 897–98 (Tex.App.-Dallas 2003, no pet.). The court can also look at the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties. *Id.*

The Haaks filed a Motion for Recovery of Attorney's Fees and Other Expenses and attached the affidavit of their attorney, R. Coke Mills, in support of their request for attorney's fees. In their

amended motion, the Haaks set forth the procedural history of the case. It further explained that it was necessary for their attorney to spend more time on the case than the Water District's attorney because it was necessary for him to (1) "make several trips to his clients' property ... to determine the location of the easements being sought in the Original Petition and the different easements being sought in the Amended Petition;" (2) determine the extent of damage the easements would inflict upon the improvements on the property; (3) meet with county officials to determine whether the county authorized the taking of a "right-of-way for a county road and whether this easement was sought to provide access to county property."

In Mill's affidavit, he listed the pleadings he prepared and filed in the case. He also set forth his qualifications, his extensive experience in eminent domain litigation, and his knowledge of customary attorney's fees for eminent domain litigation.

As further proof of reasonableness of his fees, Mills evaluated the factors listed above. Mills stated that the hourly rates requested are within the range of reasonable and customary fees charged in the Central Texas area for cases of this nature; he has built a reputation for competence in this area of litigation; the hourly rate requested is in line with other attorney fee awards in eminent domain cases in the Central Texas area; and that the Haaks contracted to pay him a fixed fee of $175 per hour. Mills concluded that the reasonable and customary fee for his work at the trial level would be $16,712.50 (*i.e.*, 99.5 hours at $175 per hour).

The Water District argued in the trial court and on appeal that although $175 per hour is not unreasonable, the amount of time Mills spent on the case is. It also complains that Mills did not distinguish the hours he expended on the case from

that of "the firm." However, Mills affidavit states that "[a]ll work performed by Defendants' counsel in connection with this matter has been necessary and reasonable."

In light of the affidavit testimony presented by attorney Mills, we find that the trial court had sufficient information upon which to determine that attorney's fees in the amount of $16,000 was reasonable. We therefore conclude that the trial court did not abuse its discretion. We overrule the Water District's third issue.

## Conclusion

Having overruled the Water District's three issues, we affirm the order of the trial court.

Chief Justice GRAY dissented with opinion.

TOM GRAY, Chief Justice, dissenting.

The trial court attempted to grant a request for attorney's fees 202 days after it had signed a final judgment. During that period, it did not vacate or modify the final judgment. The trial court did not grant a new trial. Because the trial court had no jurisdiction to modify its final judgment by awarding attorney's fees when it did, we should vacate the trial court's award of attorney's fees.

### BACKGROUND

Falls County Water Control and Improvement District No. 1 filed a condemnation proceeding against property owned by Charles and Lorena Haak. For reasons that are irrelevant to this appeal, the Water District amended its petition to increase the property interest it was going to take by condemnation. Due to the amendment, Haak sought dismissal and

attorney's fees. TEX. PROP.CODE ANN. § 21.019(c) (Vernon 2004). The trial court granted the dismissal but did not award attorney's fees.

Because the timeline of events from the signing of the judgment to the notice of appeal is helpful to a full understanding of the issues, we set out below the events, dates, and days from the date of the order.

| | Event Description | Date | Days |
|---|---|---|---|
| 1 | Order of Dismissal | July 23, 2004 | 0 |
| 2 | Motion for Attorney's Fees | September 24, 2004 | 63 |
| 3 | Response to Motion for Fees | October 14, 2004 | 83 |
| 4 | Motion to Enlarge Time | October 27, 2004 | 96 |
| 5 | Amended Motion to Recover Fees | October 27, 2004 | 96 |
| 6 | Letter from court-will grant enlargement | October 29, 2004 | 98 |
| 7 | Order granting enlargement | November 16, 2004 | 116 |
| 8 | Date trial court set for ruling | November 19, 2004 | 119 |
| 9 | Motion to Reconsider Enlargement | November 22, 2004 | 122 |
| 10 | Response to Motion to Reconsider | December 13, 2004 | 143 |
| 11 | Further Response to Motion to Reconsider | January 13, 2005 | 174 |
| 12 | Letter-will grant attorney's fees | January 13, 2005 | 174 |
| 13 | Order granting attorney's fees | February 10, 2005 | 202 |
| 14 | Notice of Appeal | February 11, 2005 | 203 |

## FINALITY OF JULY 23, 2004 ORDER OF DISMISSAL

This entire appeal hinges upon a single determination. Was the "Order of Dismissal" signed July 23, 2004 a final judgment for the purposes of appeal?

To facilitate the review, we believe it is important to have the full text of the order. The full text follows:

### ORDER OF DISMISSAL

On the 22nd day of June, 2004, came on to be heard Defendants' Motion to Dismiss the above cause of action for lack of this Court's Jurisdiction; and the Court, having considered Defendants' motion to dismiss, evidence presented, as well as the arguments of counsel is of the opinion that Plaintiff's failure to make a bonafide offer to Defendants based upon the materially greater taking of property rights in Defendants' property sought by Plaintiff's First Amended Petition, the Court finds that Plaintiff failed to meet the procedural requirements of the Texas Property Code for invoking this Court's jurisdiction in an eminent domain proceeding. It, therefore, appears to the Court that Defendants' Motion is well taken and should be granted.

IT IS, THEREFORE, ORDERED that the above action be and it is hereby dismissed without prejudice to the Plaintiff's right to refile it; that it be removed from the docket of the Court; and, that all costs incurred be taxed against the Plaintiff.

SIGNED AND ENTERED this 23 day of July, 2004.

## FINALITY REVISITED

The leading case on what constitutes a final judgment for purposes of appeal is *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191 (Tex.2001). It is important, very important, to note that *Lehmann* recognizes a distinction between a judgment which is final for purposes of appeal, but erroneous,

and a judgment which is final because it does, in fact, dispose of all issues and all parties. A judgment can be final for purposes of appeal but may not properly dispose of all the claims.

But the language of an order or judgment can make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties. It is not enough, of course, that the order or judgment merely use the word "final". The intent to finally dispose of the case must be unequivocally expressed in the words of the order itself. But if that intent is clear from the order, then the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment. So, for example, ... the judgment is final—erroneous, but final.

\* \* \*

If a summary judgment order appears to be final, as evidenced by the inclusion of language purporting to dispose of all claims or parties, the judgment should be treated as final for purposes of appeal .... litigants should be able to recognize a judgment which on its face purports to be final, and courts should be able to treat such a judgment as final for purposes of appeal.

\* \* \*

As we have already explained, an order can be a final judgment for appeal purposes even though it does not purport to be if it actually disposes of all claims still pending in the case.... Also, an order can be final and appealable when it should not be.... Granting more relief than the movant is entitled to makes the order reversible, but not interlocutory .... the difficulty in determining what

does make an order final and appealable remains.

\* \* \*

In the past we have tried to ensure that the right to appeal is not lost by an overly technical application of the law. Fundamentally, this principle should guide in determining whether an order is final. Simplicity and certainty in appellate procedure are nowhere more important than in determining the time for perfecting appeal. From the cases we have reviewed here, we conclude that when there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties .... there must be some other clear indication that the trial court intended the order to completely dispose of the entire case. Language that the plaintiff take nothing by his claims in the case, or that the case is dismissed, shows finality if there are no other claims by other parties[.]

\* \* \*

But if the language of the order is clear and unequivocal, it must be given effect despite any other indications that one or more parties did not intend for the judgment to be final. An express adjudication of all parties and claims in a case is not interlocutory merely because the record does not afford a legal basis for the adjudication. In those circumstances, the order must be appealed and reversed.

*Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 200, 202, 204–206 (Tex.2001).

### LEHMANN APPLIED HERE

Because this was not a judgment after a conventional trial on the merits, we do not presume finality; rather, we examine the judgment for indications that it disposed of all issues and all parties.

First, we note that this suit was not complicated by third-party defendants, third-party plaintiffs, or interpled parties. There was one plaintiff seeking condemnation of property owned by a married couple—one pair of equally situated defendants. The defendants moved for dismissal and attorney's fees.

The trial court expressly granted the defendants part of the relief they requested—dismissal of the "action," but did not expressly rule on whether the defendants would be awarded attorney's fees. Dismissal of an "action" is certainly an indication, possibly not conclusive, of finality. This order disposed of all the relief requested by the plaintiff—a complete dismissal of its pending condemnation case, which was part of the relief requested by the defendants, but the judgment did not expressly address the defendants' request for the award of attorney's fees. But the award of attorney's fees under Texas Property Code Section 21.019(c) is discretionary. Thus, the failure to expressly grant or deny the fees requested, alone, is not dispositive.

There are two other indications of finality. The trial court assessed costs against the plaintiff. This is only an indication of finality and, alone, would not be conclusive.

But any question about the finality of this judgment, whether it was a ruling on all claims of all parties, is put to rest by a single phrase. The trial court expressly ordered "that it [the case] be removed from the docket of the Court...." There can be no question, on this record, that by the inclusion of this phrase the judgment was final for purposes of appeal. And because no post-trial motion was filed that would extend the appellate timetable, the trial court had no jurisdiction to do anything after 30 days had passed. TEX.R. CIV. P. 329b(g) and (a).

Haak, however, prevailed on the trial court to grant a request for an extension of time under Texas Rule of Civil Procedure 5 in which to renew his request for attorney's fees and supply the necessary evidence. But by the time the motion was filed, the trial court had already lost jurisdiction. Thus, at that time, the trial court had no jurisdiction in this case to grant a request for an extension of time, even if the trial court could use Rule 5 for that purpose, or grant a request for attorney's fees after the judgment had become final. Even if we construed the late intervening motion as a request to alter or modify the judgment, these would have been overruled by operation of law 75 days after the date the judgment was signed. TEX.R. CIV. P. 329b(c).

Accordingly, because the trial court had no jurisdiction to grant a request for attorney's fees 202 days after the final judgment, we should vacate the trial court's February 10, 2005 order awarding attorney's fees and affirm the trial court's July 23, 2004 dismissal of the case. Because the Court does not, I respectfully dissent.