Anthony L. McCALLA and Cheryl A. McCalla, Appellants,

v.

SKI RIVER DEVELOPMENT INC., Stephen R. Davis, and Karen Davis, Appellees.

No. 10–06–00299–CV.

Court of Appeals of Texas, Waco.

Oct. 10, 2007.

Elizabeth G. Bloch and Peter J. Harry, Brown McCarroll LLP, Austin, for Appellant/Relator.

Anthony A. Petrocchi, Weil & Petrocchi PC, Charles R. Nichols, John H. Carney & Associates, Dallas, R. James George, George & Brothers LLP, Austin, Christopher C. Cooke, Cooke Wilson Law Firm PC, Cleburne, TX, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

In a previous appeal involving these parties, this Court affirmed the judgment in part, reversed the judgment in part, and remanded the case to the trial court to

determine whether to award attorney's fees to Ski River Development, Inc., Stephen R. Davis, and Karen Davis under the Declaratory Judgment Act. *See Ski River Dev., Inc. v. McCalla*, 167 S.W.3d 121, 143–44 (Tex.App.-Waco 2005, pet. denied). On remand, the court awarded Ski River and the Davises $100,000 in trial attorney's fees and $30,000 in appellate attorney's fees. Anthony and Cheryl McCalla contend in four issues that the attorney's fee award is improper because: (1) the Davises [1] failed to segregate the amount of attorney's fees incurred as a result of their claim for declaratory relief from their other claims; (2) the amount of attorney's fees awarded is not equitable or just; (3) the Davises have impermissibly asserted a counterclaim under the Declaratory Judgment Act as a vehicle for recovering attorney's fees; and (4) there is no evidence or factually insufficient evidence to prove that the amount of attorney's fees awarded was reasonable or necessary. We will reverse and remand because the Davises failed to properly segregate their attorney's fees.

## Scope of Remand

Before we can properly address the issues presented, we must delineate the scope of this Court's prior remand order.

■■■ "When [an appellate court] remands a case and limits a subsequent trial to a particular issue, the trial court is restricted to a determination of that particular issue." *Lifshutz v. Lifshutz*, 199 S.W.3d 9, 20 (Tex.App.-San Antonio 2006, pet. denied) (quoting *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex.1986)); *accord In re Marriage of Stein*, 190 S.W.3d 73, 75 (Tex.App.-Amarillo 2005, no pet.). To determine the scope of remand, a court must examine both the opinion of the appellate court and its mandate. *Hudson*, 711 S.W.2d at 630; *Lifshutz*, 199 S.W.3d at 20; *Walston v. Walston*, 119 S.W.3d 435, 438 (Tex.App.-Waco 2003, no pet.).

Here, the mandate of this Court dated March 24, 2006 included a very general statement regarding the scope of remand:

> It is further ordered that this cause be remanded to the 249th District Court, Johnson County, Texas, in accordance with the opinion.

In the opinion of the Court dated April 20, 2005, the Court acknowledged the jury's finding that the Davises had incurred trial attorney's fees of $100,000 and appellate attorney's fees of $30,000.[2] *Ski River Dev.*, 167 S.W.3d at 143. The opinion then provided a more detailed instruction regarding the scope of remand:

> We . . . remand this cause to the trial court to determine whether to award 'equitable and just' attorney's fees to Ski River and the Davises and against the McCallas under the Declaratory Judgment Act. . . .

*Id.*

By the issues presented in this appeal, the McCallas challenge not only the Davises' legal entitlement to an award of attorney's fees but also the amount of at-

---

1. Hereinafter, unless otherwise indicated, we refer to Appellees Ski River Development, Inc., Stephen R. Davis, and Karen Davis collectively as "the Davises." *See Ski River Dev., Inc. v. McCalla*, 167 S.W.3d 121, 128 n. 1 (Tex.App.-Waco 2005, pet. denied) ("Appellant Stephen R. Davis is the principal of Ski River, and Appellant Karen Davis is his wife.").

2. Presumably because the trial court rendered a take-nothing judgment against the Davises and in favor of the McCallas, the trial court did not award attorney's fees to the Davises. *But see Nu–Way Energy Corp. v. Delp*, 205 S.W.3d 667, 684 (Tex.App.-Waco 2006, pet. denied) ("a party need not prevail on a claim for declaratory relief to recover attorney's fees").

torney's fees awarded. The Davises respond that the only issue on remand was "whether it would be just and equitable to award attorney's fees to [them] under the Declaratory Judgment Act." Thus, they argue that the only issue properly before this Court at this juncture is the McCallas' second issue in which the McCallas contend that the award of attorney's fees is not equitable or just.

The Davises misread the prior opinion and mandate. If we strip the veneer from the critical portion of the prior opinion regarding the scope of remand and reduce that portion to its essence, it can be readily seen that the case was remanded for the trial court "to determine whether to award ... attorney's fees to Ski River and the Davises." It was not remanded, as the Davises contend, solely to determine whether an award of attorney's fees "would be just and equitable." Rather, our use of the phrase "just and equitable" served merely to underscore that, *if* the trial court chose to award attorney's fees to the Davises, the Declaratory Judgment Act requires that those fees be "just" and "equitable." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 1997).[3] Moreover, the McCallas have not had a prior opportunity to mount any challenge to the award of attorney's fees to the Davises because the trial court did not award attorney's fees to them in its first judgment.

Therefore, we hold that on remand the parties were free to fully litigate whether the Davises were entitled to recover attorney's fees under the Declaratory Judgment Act. This necessarily includes: (1) whether the Davises were legally entitled to recover attorney's fees under the Declaratory Judgment Act; (2) whether they proved that the amount of attorney's fees they sought was reasonable and necessary (a question of fact); and (3) whether in the trial court's discretion it would be just and equitable to award those fees (a question of law). *See Ridge Oil Co. v. Guinn Invs., Inc.,* 148 S.W.3d 143, 161–62 (Tex.2004); *Bocquet v. Herring,* 972 S.W.2d 19, 21 (Tex.1998). Accordingly, all of the issues presented by the McCallas are properly before us.

## Counterclaim for Declaratory Relief

The McCallas contend in their third issue that the Davises are not entitled to recover attorney's fees under the Declaratory Judgment Act because the Davises alleged their entitlement to declaratory relief "as a purely defensive matter" and have "no legitimate cause of action independent of the declaratory relief" sought. The McCallas' contention has three subcomponents: (1) the Davises "had no independent cause of action against the McCallas regarding the Baker/McCalla contract";[4] (2) "[d]eclaratory relief is generally inappropriate when used as a defense to issues already in the suit"; and (3) the Davises lack standing to seek de-

---

3. As the Supreme Court has explained:

In a declaratory judgment action, a court "may award ... reasonable and necessary attorney's fees as are equitable and just." The reasonable and necessary requirements are questions of fact to be determined by the factfinder, but the equitable and just requirements are questions of law for the trial court to decide. "Unreasonable fees cannot be awarded, even if the court believe[s] them just, but the court may conclude that it is not equitable or just to award even reasonable and necessary fees."
*Ridge Oil Co. v. Guinn Invs., Inc.,* 148 S.W.3d 143, 161–62 (Tex.2004) (quoting TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1997); *Bocquet v. Herring,* 972 S.W.2d 19, 21 (Tex. 1998)).

4. In our prior opinion, we declared the Baker/McCalla purchase option contract void. *See Ski River Dev.,* 167 S.W.3d at 133–35.

claratory relief regarding a contract to which they are not parties.

■■■ The Declaratory Judgment Act is not available to settle disputes already pending before the court. *BHP Petroleum Co. v. Millard,* 800 S.W.2d 838, 841 (Tex.1990) (orig.proceeding); *Indian Beach Prop. Owners' Ass'n v. Linden,* 222 S.W.3d 682, 701 (Tex.App.-Houston [1st Dist.] 2007, no pet.); *Nat'l Enter., Inc. v. E.N.E. Props.,* 167 S.W.3d 39, 43 (Tex. App.-Waco 2005, no pet.). Thus, a counterclaim based on the Declaratory Judgment Act is properly raised if the counterclaim alleges a cause of action independent of the plaintiff's claims. *Id.*

Here, the McCallas sued the Davises and Walter Baker for, among other things, specific performance of a purchase option contract the McCallas had with Baker. The Davises counterclaimed against the McCallas for a declaration that the purchase option contract is void and unenforceable.[5]

The McCallas sought by their suit to enforce what they implicitly believed to be a valid, enforceable contract. By contrast, the Davises' counterclaim for affirmative relief directly challenged the validity of the McCallas' contract. Because the Davises have asserted a claim for affirmative relief which was independent of the McCallas' claims, we hold that they properly pursued their counterclaim under the Declaratory Judgment Act. *See id.* Accordingly, the first two sub-components of the McCallas' third issue are without merit.

■■■ The McCallas also contend that the Davises lack standing to seek declaratory relief regarding the purchase option contract because the Davises are not parties to that contract. However, section 37.004(a) of the Declaratory Judgment Act provides in pertinent part, "A person ... whose rights, status, or other legal relations are affected by a ... contract ... may have determined any question of construction or validity arising under the ... contract ... and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM.CODE ANN. § 37.004(a) (Vernon 1997).

As can be seen from the parties' competing claims in this case, the Davises' rights under their contract with Baker are "affected" by any enforcement of the McCallas' purchase option contract. Thus, the Davises have standing to seek declaratory relief regarding the validity of the McCallas' contract even though the Davises are not parties to that contract. *See id.; Miller v. Windsor Ins. Co.,* 923 S.W.2d 91, 94 (Tex.App.-Fort Worth 1996, writ denied).

Accordingly, we overrule the McCallas' third issue.

## Reasonable and Necessary

The McCallas contend in their fourth issue that the Davises presented no evidence or factually insufficient evidence that the amount of attorney's fees awarded was reasonable and necessary.

■■■ When we conduct a no-evidence review, we must determine "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex.2005). We "must credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not." *Id.*

---

5. More details regarding this litigation and the history of dealings among the McCallas, the Davises, Baker, and other interested parties are provided in our prior opinion. *Id.* at 129–31.

When considering a factual sufficiency challenge ... regarding an issue on which the appellant did not have the burden of proof, we must consider and weigh all of the evidence, not just the evidence that supports the verdict. We may not pass upon the witnesses' credibility or substitute our judgment for that of the [factfinder], even if the evidence would clearly support a different result. We will set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and unjust.

*Checker Bag Co. v. Washington,* 27 S.W.3d 625, 633 (Tex.App.-Waco 2000, pet. denied) (citations omitted).

 Several factors are prescribed by law for guidance in determining whether attorney's fees are reasonable and necessary. *Bocquet,* 972 S.W.2d at 21 (citing *Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812, 818 (Tex.1997); TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(b)); *Falls County Water Control & Improvement Dist. No. 1 v. Haak,* 220 S.W.3d 92, 94 (Tex.App.-Waco 2007, no pet.); *Hays & Martin, L.L.P. v. Ubinas-Brache,* 192 S.W.3d 631, 636 (Tex.App.-Dallas 2006, pet. denied). Those factors are:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(b), *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G app. A (Vernon Supp. 2006) (TEX. STATE BAR R. art. X, § 9).

 The court is not required to receive evidence on each of these factors before awarding attorney's fees. *See Falls County Water Control,* 220 S.W.3d at 94; *In re Est. of Bean,* 206 S.W.3d 749, 763 (Tex.App.-Texarkana 2006, pet. denied); *Hays & Martin,* 192 S.W.3d at 636. The court may also consider the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties. *Falls County Water Control,* 220 S.W.3d at 94; *Cordova v. Sw. Bell Yellow Pages, Inc.,* 148 S.W.3d 441, 448 (Tex. App.-El Paso 2004, no pet.); *Hagedorn v. Tisdale,* 73 S.W.3d 341, 353 (Tex.App.-Amarillo 2002, no pet.).

Prior to the trial on remand, the Davises filed a motion asking the court to award them attorney's fees under the Declaratory Judgment Act. They attached an affidavit of counsel, supported by a transcription of counsel's testimony in the prior jury trial regarding the amount of attorney's fees incurred:

I've practiced law for seven years. First two years I practiced law, I practiced in Fort Worth. Last five years I practiced here in Cleburne. I'm a private practice attorney and also municipal court judge for the City of Grandview.

I am aware of reasonable and necessary rates that attorneys in this county charge for cases of this magnitude and stature. My rate in this case is $200 an hour. I believe that it is commensurate with the rates that other attorneys would charge with similar experience for similar type case [sic].

To be perfectly honest, I have lost track how many hours I've got in this case. I stopped counting at 500. At $200 an hour, that's $100,000 in attorney's fees. That is what we will ask for in attorney's fees of the jury.

I do not charge for paralegal time. I do not charge for office staff time, and I'm not asking for expenses for exhibits, for postage or anything else. I'm asking purely for attorney's fees, and that's in the amount of $100,000.

The Davises characterized this testimony in their motion as "uncontroverted" evidence of their reasonable and necessary attorney's fees in the amount of $100,000. They made the following contentions regarding appellate attorney's fees:

Additionally, the Davis Defendants requests reasonable and necessary attorney's fees in the amount of $60,166 for post-trial efforts, $76,674 for the appeal to the Court of Appeals, and $42,609 for the appeal to the Supreme Court of Texas. Testimony in support of these amounts will be presented at the hearing on this issue.

Alternatively, the Davis Defendants request fees in the amount of $100,000 for preparation and trial, $15,000 for the appeal to the Court of Appeals, and $15,000 for the appeal to the Supreme Court of Texas, which are the amounts found by the jury to be reasonable and necessary fees incurred by the Davis Defendants.

Both parties treat counsel's testimony via affidavit as the evidence offered by the Davises in the trial on remand in support of their claim for attorney's fees. We shall do likewise. However, the Davises offered no live testimony at this hearing to provide further support for their claim.

Although counsel did not precisely follow the elements listed by Disciplinary Rule of Professional Conduct 1.04(b), counsel's testimony adequately provided evidence of the time and labor required, of the fee customarily charged for similar representation in Johnson County, and of counsel's experience and ability.

From counsel's testimony, "reasonable and fair-minded" jurors could have determined that $100,000 in trial attorney's fees was reasonable and necessary. *See Falls County Water Control,* 220 S.W.3d at 94–95; *Hays & Martin,* 192 S.W.3d at 636–37; *Checker Bag Co.,* 27 S.W.3d at 640; *see also City of Keller,* 168 S.W.3d at 827. However, a careful reading of counsel's testimony indicates that counsel testified about only *trial* attorney's fees and did not provide any evidence regarding *appellate* attorney's fees. *Cf. ASEP USA, Inc. v. Cole,* 199 S.W.3d 369, 379–80 (Tex.App.-Houston [1st Dist.] 2006, no pet.); *Walton v. Canon, Short & Gaston,* 23 S.W.3d 143, 152–53 (Tex.App.-El Paso 2000, no pet.). This reading finds further support in the Davises' motion for attorney's fees, in which they stated their intent to offer additional testimony to support their claim for appellate attorney's fees. Thus, we agree that the Davises presented no evidence to support the trial court's award of appellate attorney's fees.

Regarding the factual sufficiency of the evidence to support the award of trial attorney's fees, we cannot say that the verdict is "so contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and unjust." *See Falls County Water Control,* 220 S.W.3d at 94–

95; *Hays & Martin,* 192 S.W.3d at 636–37; *Checker Bag Co.,* 27 S.W.3d at 640.

Accordingly, we sustain the McCallas' fourth issue in part and overrule it in part.

### Segregation of Attorney's Fees

The McCallas contend in their first issue that the Davises failed to segregate the amount of attorney's fees incurred as a result of their claim for declaratory relief from their other claims. The Davises respond that the McCallas did not adequately preserve this issue for appellate review.

A party seeking to recover attorney's fees is "required to segregate fees between claims for which they are recoverable and claims for which they are not." *Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W.3d 299, 311 (Tex.2006) (citing *Stewart Title Guar. Co. v. Aiello,* 941 S.W.2d 68, 73 (Tex.1997)); *accord NP Anderson Cotton Exch., L.P. v. Potter,* 230 S.W.3d 457, 466 (Tex.App.-Fort Worth 2007, no pet.). Conversely, the opposing party must properly preserve for appellate review a contention that the fee claimant failed to segregate the fees sought. *Green Int'l, Inc. v. Solis,* 951 S.W.2d 384, 389 (Tex.1997); *Cullins v. Foster,* 171 S.W.3d 521, 535–36 (Tex.App.-Houston [14th Dist.] 2005, pet. denied); *Continental Dredging, Inc. v. De–Kaizered, Inc.,* 120 S.W.3d 380, 397 (Tex.App.-Texarkana 2003, pet. denied). Generally, such an issue is preserved by objection during testimony offered in support of attorney's fees or an objection to the jury question on attorney's fees. *See Cullins,* 171 S.W.3d at 535; *Continental Dredging,* 120 S.W.3d at 397.

The Davises argue that the McCallas failed to preserve this issue because they did not object during the testimony of the Davises' attorney and because the McCallas' objection to the jury charge did not specify that they were objecting to a failure to segregate. However, the Davises'

focus is misplaced. This Court reversed and remanded this cause for a re-determination of the Davises' claim for attorney's fees. *See Ski River Dev.,* 167 S.W.3d at 144. This was, in effect, the granting of a new trial on the issue of attorney's fees. Therefore, our focus is on whether the McCallas made a sufficient objection during the "new trial" on attorney's fees. *Cf. Barker v. Eckman,* 213 S.W.3d 306, 312–13 (Tex.2006) (appellants did not waive right to challenge award of attorney's fees for first time in Supreme Court where need to seek review "first arose from the court of appeals' decision").

The McCallas clearly objected, both in writing and at the hearing on remand, that the Davises had failed to segregate their attorney's fees. Thus, we hold that the McCallas have adequately preserved this issue for our review.

The Davises respond in the alternative that their attorney's fees for the declaratory judgment claim are "inextricably intertwined" with the attorney's fees incurred for their other claims. As recently enunciated by the Supreme Court, the rule is:

> that if any attorney's fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees. Intertwined facts do not make tort fees recoverable; it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated.

*Tony Gullo Motors,* 212 S.W.3d at 313–14 (modifying *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1 (Tex.1991)).

Here, the Davises asserted a counterclaim for declaratory relief against the McCallas regarding the validity of the Baker/McCalla purchase option contract.

The Davises also sought a declaratory judgment that: (1) the McCallas' option contract is void and unenforceable; (2) the McCallas did not properly exercise their option; (3) a subsequent lease between Baker and Stephen Davis is legal and binding; and (4) the McCallas should be required to perform under a provision in their contract with Baker requiring them to sell their boat storage business to Baker if they failed to exercise their purchase option. In addition, the Davises counterclaimed for tortious interference with Baker–Davis business relations and the Baker–Davis lease. The Davises' other counterclaims for declaratory relief could also support an award of attorney's fees. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.009. However, the counterclaims for tortious interference could not. *See Alma Group, L.L.C. v. Palmer,* 143 S.W.3d 840, 846 n. 5 (Tex.App.-Corpus Christi 2004, pet. denied); *Martin–Simon v. Womack,* 68 S.W.3d 793, 797–98 (Tex.App.-Houston [14th Dist.] 2001, pet. denied).

Because some of the Davises' counterclaims would support an award of attorney's fees but others would not, the Davises had an obligation to segregate their attorney's fees or demonstrate that the legal services provided were "so intertwined that they need not be segregated." *See Tony Gullo Motors,* 212 S.W.3d at 313–14.

 The Supreme Court has provided some explanation of the type of evidence required to segregate attorney's fees.

> This standard does not require more precise proof for attorney's fees than for any other claims or expenses. Here, Chapa's attorneys did not have to keep separate time records when they drafted the fraud, contract, or DTPA paragraphs of her petition; an opinion would have sufficed stating that, for example, 95 percent of their drafting time would have been necessary even if there had been no fraud claim. The court of appeals could then have applied standard factual and legal sufficiency review to the jury's verdict based on that evidence.

> There may, of course, be some disputes about fees that a trial or appellate court should decide as a matter of law. For example, to prevail on a contract claim a party must overcome any and all affirmative defenses (such as limitations, *res judicata,* or prior material breach), and the opposing party who raises them should not be allowed to suggest to the jury that overcoming those defenses was unnecessary. But when, as here, it cannot be denied that at least some of the attorney's fees are attributable only to claims for which fees are not recoverable, segregation of fees ought to be required and the jury ought to decide the rest.

*Id.* at 314 (footnote omitted).

The Davises contend that their various counterclaims are inextricably intertwined, but they did not offer evidence to support this contention, and a brief review of the pleadings demonstrates that the counterclaims do not satisfy the test established by the Supreme Court in *Tony Gullo Motors.*

In the simplest terms, the Davises claimed that the Baker/McCalla purchase option contract was void because it violated the rule against perpetuities. The jury rejected this claim, but on appeal we reversed and rendered judgment in the Davises' favor on the claim. *Ski River Dev.,* 167 S.W.3d at 133–35. The Davises also claimed that the McCallas tortiously interfered with Baker–Davis business relations and the Baker–Davis lease.

The allegations in the Davises' pleadings regarding just these two counterclaims are

necessarily distinct from each other. The counterclaim regarding the validity of the purchase option contract is set out in "Count 1" of their Second Amended Answer, Special Exceptions and Counterclaim on pages 3–4. The counterclaim regarding their tortious interference claim is set out in "Count 4" on pages 6–8. Under *Tony Gullo Motors,* the Davises' counsel at a minimum should have explained what percentage of his time was devoted to the drafting of Count 4 as opposed to the drafting of the other counterclaims. *See Tony Gullo Motors,* 212 S.W.3d at 314. In like fashion, counsel could have explained what percentage of his time was devoted to discovery regarding the tortious interference claim as opposed to the other counterclaims. Thus, we hold that the Davises failed to segregate their recoverable attorney's fees from those which are not recoverable. *See Tony Gullo Motors,* 212 S.W.3d at 313–14; *NP Anderson Cotton Exch.,* 230 S.W.3d at 466–68; *Hong Kong Dev., Inc. v. Kim Loan Nguyen,* 229 S.W.3d 415, 454–55 (Tex.App.-Houston [1st Dist.] 2007, no pet. h.); *7979 Airport Garage, L.L.C. v. Dollar Rent A Car Sys., Inc.,* —— S.W.3d ——, ——, No. 14–05–00484–CV, 2007 WL 1732223, at *15–16 (Tex.App.-Houston [14th Dist.] Apr. 27, 2007, no pet. h.) (op. on reh'g). Accordingly, we sustain the McCallas' first issue.

We reverse the judgment and remand this cause to the trial court for the limited purpose of conducting an evidentiary hearing to determine the amount of recoverable trial attorney's fees. *See NP Anderson Cotton Exch.,* 230 S.W.3d at 468; *Hong Kong Dev.,* 229 S.W.3d at 460; *7979 Airport Garage,* 2007 WL 1732223, at *16, at ——.

GRAY, Chief Justice dissenting.

Chief Justice Gray dissents to the judgment of the Court again remanding the issue of attorney's fees for a determination, this time, apparently for resolution without the benefit of a jury. A separate dissenting opinion will not issue. Chief Justice Gray has no comment on the 16 page opinion of Justice Reyna which attempts to clarify the previous 32 page opinion of Justice Vance, noting only that he was wrong in his determination stated in his original concurring opinion that it did not matter whether McCalla's contract was void or whether McCalla had waived his rights under the contract. Apparently it does make a difference regarding the entitlement to attorney's fees under the Declaratory Judgment Act.