IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-08-00212-CV

No. 10-08-00213-CV

No. 10-08-00214-CV

No. 10-08-00215-CV

No. 10-08-00216-CV

 

In
re ETC Katy Pipeline, LTD

 

 



Original Proceedings

 

 



Opinion DENYING REHEARING



 

On October 1, 2008, we granted the
petition of ETC Katy Pipeline, LTD. (ETC) and ordered the conditional issuance
of a writ of mandamus in each of these five original proceedings challenging
the trial court's orders denying motions to appoint special commissioners and
orders granting the landowners’ motions to dismiss.  The landowners have filed
motions for rehearing, which we now deny.

 

 

Authority to Dismiss

The
landowners first say that we incorrectly decided that the Respondent had no
authority to dismiss the proceedings on res judicata grounds.  They point to
section 21.019 of the Property Code, which is entitled “Dismissal of
Condemnation Proceedings” as authority for the Respondent’s order.  We
disagree.  Section 21.019 of the Property Code requires the court to hold a
hearing if the condemnor files a motion to dismiss.  Tex. Prop. Code Ann. § 21.019 (Vernon
2003).  But, we find no such authority for a motion filed by a condemnee
during the administrative phase.

Relief Granted in Error

            The landowners also point
out that we directed Respondent to withdraw the wrong dismissal orders.  ETC
agrees, and so do we.[1]
 Respondent granted ETC’s motions to dismiss the first set of condemnation
proceedings on March 31, 2008, and it was those orders that we inadvertently
directed be withdrawn.  Respondent granted the landowners’ motions to dismiss
the second set of condemnation proceedings on June 17, 2008, and those are the
orders that we now direct be withdrawn.

Appointment of Special Commissioners

            We further ordered
Respondent to appoint special commissioners in the second set of condemnation
proceedings within 21 days of our order.  ETC informs us that Respondent did so
on October 16.

 

 

Conclusion

Having determined that Respondent was
without jurisdiction to refuse to appoint special commissioners and to grant
the motions to dismiss on res judicata grounds, we reaffirm our conditional
grant of mandamus relief.  The writ will issue in each case only if Respondent
fails to withdraw his order granting the motion to dismiss signed on June 17,
2008, or fails to appoint special commissioners within 21 days from the date of
this opinion if he has not already done so.[2] 
The clerk is ordered to revise the judgment in each proceeding to reflect that Respondent’s
order to be withdrawn was signed on June 17, 2008.

            The motion for rehearing is
denied in each case.

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

            Justice
Vance, and

            Justice
Reyna

            (Chief Justice Gray dissents with
a note)*

Rehearing
denied

Conditional
grant of writ of mandamus reaffirmed

Judgments
ordered corrected 

Opinion
delivered and filed November 26, 2008

 

*
(What follows is Chief
Justice Gray’s note.  It was prepared in response to a draft opinion to be
issued after withdrawing the Court’s opinion, but not the judgments, issued on October 1, 2008.  After the Court’s review of the note, the proposal changed to an opinion
denying rehearing.  Chief Justice Gray did not have sufficient time to review
the new proposal by the date set by the Court for issuance thereof due to the
abbreviated schedule set by the Court for its issuance.  He believes, however,
based upon a cursory scan of the opinion and his prior research on the
procedural quagmire that will flow from the prior or the revised method of
disposition, that the problems referred to in the original draft of his note
still exist; and he will, accordingly, issue it with the opinion on rehearing. 
He apologizes for the confusion this may create if the text is more difficult
to comprehend, but it is made necessary by his desire to comply with the
deadline for issuance set by the Court.  

 

Chief
Justice Gray withdraws his note that accompanied the Court’s Opinion that
issued on October 1, 2008.  For the reasons explained above, the following
replaces it:

 

“Chief
Justice Gray dissents.  A separate opinion will not issue.  He notes, however,
that the trial court has already taken the action that the Court purports to
order the trial court to take.  According to the Relator, the Respondent
appointed special commissioners by an order dated October 16, 2008.  This action by the trial court makes the Relator’s request that the Court compel that same
relief by mandamus moot.  We cannot compel that which has already been done. 
If the request for relief is moot because the Respondent has already taken the
action the Relator seeks to compel, the proper result in these original
proceedings is dismissal.  

 

Chief
Justice Gray also notes, in the alternative, that the trial court now has no
jurisdiction to withdraw the dismissal orders.  The dismissal orders that
underlie these five mandamus proceedings were signed by the trial court on June 17, 2008.  Those dismissals are now final judgments in those five proceedings.  We
cannot give the trial court jurisdiction via these mandamus proceedings.  The
only way the trial court can now be reinvested with jurisdiction in those five
proceedings is a reversal of the final judgments of dismissal rendered in each
of those proceedings in a direct appeal.  As discussed below, the direct appeal
of the June 17, 2008 final judgments dismissing each of the five underlying
proceedings has been filed and remains pending before this Court.  Accordingly,
and without question, the Relator has an adequate remedy by direct appeal.  

 

Further,
he notes, that while he agrees with the analysis of In re State, 65
S.W.3d 383 (Tex. App.—Tyler 2002, orig. proceeding) and Gulf Energy Pipeline
Co. v. Garcia, 884 S.W.2d 821 (Tex. App.—San Antonio 1994, orig.
proceeding), those proceedings are easily distinguished.  In State and
Garcia, the administrative portion of the condemnation proceeding was
ongoing, and the trial court was attempting to exercise control over and during
the administrative process.  No final judgment had been rendered dismissing the
proceeding.  Thus, the only way to obtain relief from the trial court’s
interference in both of those proceedings was by mandamus.  In these
proceedings, however, the trial court has rendered a final judgment of
dismissal.  That judgment not only can be, but has been, directly and immediately
appealed.  And while the Court relies on the argument that this mandamus
proceeding will be a more timely review of the trial court’s judgment than a
direct appeal, that is true only because it was given our immediate attention
in derogation of other proceedings.  That argument also is no different for any
proceeding that has been finally disposed of by the trial court.  If the
appeals in these proceedings needed to be expedited because of the nature of
the underlying dispute, they can be expedited.  But there is no justification,
much less authority, for hurtling these proceedings to the front of the line
because they are filed as a mandamus when a direct appeal is not only available
but is actually currently pending.  And if appropriate, a motion to expedite
the disposition of the appeals can be filed and considered.  

 

Finally,
Chief Justice Gray notes that the trial court is expressly authorized by
statute to consider a landowner’s motion to dismiss, and thus, the dismissal
orders are not void as held by the majority.  Tex.
Prop. Code Ann. §
21.019(c) (Vernon 2004); Cf. Footnote 2 Maj. Op. at pg. 4.  Relying on
this section of the Property Code, this Court has previously considered and
affirmed an award of attorneys fees made to the landowner after the
condemnation proceeding was dismissed on motion of the landowner.  Falls
County Water Control v. Haak, 220 S.W.3d 92 (Tex. App..—Waco 2007, no
pet).  If, as the Court now holds, the trial court had no jurisdiction to
consider the landowner’s motion to dismiss, the order granting the landowner’s
motion to dismiss in Haak would have been void; and likewise, the award
of attorneys fees and expenses would have been improper.  Therefore, if the
petitions should not be dismissed as moot because the trial court has already
taken the action sought to be compelled as discussed above, then because the
dismissal order is not void or because there is an adequate remedy by direct
appeal, the petitions for writ of mandamus should be denied.  If Chief Justice
Gray is correct in either of these regards, the procedural anomalies created by
the parties and compounded by the Court will plague the parties and may result
in further proceedings in the underlying cases which result in void judgments. 
In no event should the petitions for writ of mandamus be granted, conditionally
or otherwise.  Therefore, Chief Justice Gray respectfully dissents.”)









[1] We have fifteen pending cases involving
the same parties and issues.





[2] The trial court cause numbers for the
second set of condemnation proceedings are 08-03-18048-CV, 08-03-18049-CV,
08-03-18050-CV, 08-03-18051-CV, and 08-03-18052-CV.








es', serif">      Point 6 asserts the trial court erred by not allowing the jury to consider probation because
Appellant's felony convictions had not become final and were still on appeal.
      Appellant is mistaken. His felony convictions were final; it was the revocations of Appellant’s
felony probations which were on appeal. The trial court correctly overruled his request that the
jury be charged on probation. Franklin v. State, 523 S.W.2d 947 (Tex. Crim. App. 1975; Branch
v. State, 704 S.W.2d 331 (Tex. App.—Corpus Christi 1995).
      Point 6 is overruled.
      Point 7 asserts the trial court erred in allowing evidence of prior convictions at the punishment
phase for the reason the convictions were not final and were on appeal.
      The trial court did not err. Article 37.07, Texas Code of Criminal Procedure, sec. 3(a)
provides that evidence may be offered by the State after a finding of guilty of any “extraneous
crime” regardless of whether he has been “finally convicted of the crime.” Moreover, Appellant’s
convictions were final and, as noted, in our discussion of Point 6, it was the revocation of the
probation which was on appeal.
      Point 7 is overruled.
      Point 8 asserts the trial court erred in admitting evidence of a prior misdemeanor conviction
because the conviction was obtained through direct contact between himself and the State’s attorney
while he was represented by counsel.
      Appellant asserts the contact is a violation of Disciplinary Rule 4.02(a) and that he did not
intelligently waive his right to counsel. Disciplinary Rule 4.02(a) provides: 
In representing a client, a lawyer shall not communicate or encourage another to
communicate about the subject of the representation with a person, organization or entity
of government.
      The preamble of Disciplinary Rules states: “These rules are not designed to be standards for
procedural decisions.” The rules attempt to induce ethical behavior by stating minimum standards
of conduct below which a lawyer may be subjected to disciplinary action. Delta Air Lines v..
Cooke, 908 S.W.2d 632-33 (Tex. App.—Waco 1995). Appellant’s complaint based on an alleged
disciplinary-rules violation is without merit.
      Point 8 is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)
 
Before Justice Cummings,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed July 23, 1997
Do not publish