Affirmed and Memorandum Opinion filed February 10, 2009








Affirmed and Memorandum Opinion filed February 10,
2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00967-CV

_______________

 

DIANA BROWER, Appellant

 

V.

 

CLAUDE D. HEARN, M.D., HARRY L. BRAEUER, M.D., AND BAY
AREA SURGICAL ASSOCIATES, Appellees

                                                                                                                                               


On Appeal from the 234th District Court

Harris County, Texas

Trial Court Cause No. 2007-20829

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N








In this
medical malpractice case, appellant, Diana L. Brower, did not file an expert
report; therefore, the trial court dismissed Brower=s claims against appellees, Claude D.
Hearn, M.D., Harry L. Braeuer, M.D., and Bay Area Surgical Associates.[1] 
The court subsequently awarded appellees attorneys= fees of $3,270.80.[2] 
In two issues, Brower challenges the award of attorneys= fees, arguing (1) the court no
longer had plenary power when it signed the order awarding fees, and (2) the
court abused its discretion in relation to the amount of the award.  Because our
disposition is based on clearly settled law, we issue this memorandum opinion
and affirm.  See Tex. R. App. P. 47.4.

Procedural Background

On
February 26, 2007, Brower filed a petition alleging appellees were negligent in
failing to detect a mass on Brower=s thyroid during surgery, thus
necessitating additional surgery to remove the previously undetected mass. 
Appellees answered with a general denial and multiple defenses.  On July 23,
2007, pursuant to the Texas Medical Liability Act (Athe Act@), appellees filed a motion to
dismiss with prejudice because Brower had failed to file an expert report
within 120 days of filing her lawsuit.  In the motion, appellees requested
attorneys= fees.

On July
23, the trial court signed an order dismissing Brower=s claims with prejudice.  The order
contained the following handwritten and typed notation:  AIt is further ORDERED that Defendants
may be entitled to an award of reasonable attorneys= fees in the amount . . . to be
determined . . . at a hearing on August 20, 2007.@








On
August 20, the following events occurred:  (1) the court held the scheduled
hearing; (2) Brower filed a response to appellees= motion to dismiss and filed a motion
to non-suit her claim, and (3) appellees filed attorney Michael A. DeScioli=s affidavit and attached invoices for
legal work.[3]  In his
affidavit, DeScioli averred that the amounts on the invoices totaled $4,700.18,
with an additional $299.22 as the estimated reasonable fee for preparation of
the affidavit and appearance at the hearing on fees.  The work was billed at
$250 per hour for a partner, $200 per hour for an associate, and $90 per hour
for a nurse paralegal and law clerk.  DeScioli opined these were reasonable
fees.

Brower
then filed a brief in support of her motion for non-suit Aand/or@ denial of attorneys= fees.  She stated that, on the
morning of the July 23 hearing, she had informed appellees of her intention to
non-suit the case.  She further objected to an award of attorneys= fees on the grounds that (1) the
requested amount of $5,000 was suspect, (2) the invoices were not attached to
appellees= motion to dismiss, (3) Brower had not received DeScioli=s affidavit until counsel approached
the bench at the August 20 hearing, (4) DeScioli=s affidavit was insufficient support
for the requested fees because Brower was contesting the fees, and (5)
appellees failed to submit proper testimony before the Afinality of the judgment signed on
July 23, 2007.@

On
September 5, 2007, the court signed an order overruling Brower=s objections to DeScioli=s affidavit and invoices and awarding
appellees $5,000 in attorneys= fees.  Brower then filed a motion to reconsider the order
granting attorneys= fees and a Arequest for motion for new trial.@  Appellees responded, arguing, in
part, that Brower=s motion for new trial was untimely because it was filed more
than thirty days after the July 23, 2007 Ajudgment@ was signed.  On October 1, 2007, the
trial court held a hearing; and, on October 17, 2007, signed an amended and
supplemental order granting attorneys= fees and expenses in a total amount
of $3,270.80.  Brower appealed.

Discussion

A.        The Trial Court=s Power to Render the October 17,
2007 Order








In issue
one, Brower argues the trial court erred and abused its discretion in rendering
the September 5 and October 17, 2007 orders awarding attorneys= fees because the trial court=s plenary power had expired prior to
rendition of those orders.  Brower asserts the court=s plenary power expired on August 23,
2007, thirty days after its July 23, 2007 order dismissing Brower=s lawsuit.

A trial
court has plenary power over its judgment until it becomes final.  Mathes v.
Kelton, 569 S.W.2d 876, 878 (Tex. 1978).  A trial court also retains
plenary power over a final judgment for thirty days after signing the
judgment.  See Tex. R. Civ. P. 329b(d). That thirty‑day period may
be extended by filing a motion for new trial or motion to modify, correct, or
reform the judgment.  See id. 329b(e), (g).  Thus, the validity
of Brower=s argument rests on whether the July 23 order was a final judgment.

A
judgment is final Aif it disposes of all pending parties and claims . . . .@  Lehmann v. Har‑Con Corp.,
39 S.W.3d 191, 195 (Tex. 2001).  To determine whether a judgment disposes of
all pending claims and parties, we may look to the record in the case.  See
id.  There must be some Aclear indication that the trial court intended the order to
completely dispose of the entire case.@  Id. at 205.   We determine
the trial court=s intention A>from the language of the decree and
the record as a whole, aided on occasion by the conduct of the parties.=@  Id. at 203 (citation
omitted).

In their
motion to dismiss, appellees requested an award of reasonable attorneys= fees and costs of court, although
they did not designate a specific amount.[4] 
In its July 23 order dismissing Brower=s claims, the trial court
specifically noted that appellees might be entitled to reasonable attorneys= fees in an amount to be determined
at a subsequent hearing.  From the language of this order and the record as a
whole, we conclude the trial court did not intend its July 23 order to be a
final judgment in the case.








The
trial court=s September 5, 2007 order was therefore rendered while the court had
plenary power over the case.  If one assumes the September 5, 2007 order
constituted the final judgment in the case, the trial court=s plenary power was extended by
Brower=s motion for reconsideration and
motion for new trial.  See Tex. R. Civ. P. 329b(e).

Accordingly,
the trial court had plenary power when it rendered the October 17, 2007 order
dismissing the case and awarded appellants= attorneys= fees.  Therefore, we overrule Brower=s first issue.[5]

B.        The Amount of the Award

In issue
two, Brower argues the trial court erred and abused its discretion when it
awarded $3,270.80 in attorneys= fees.  Her primary complaint rests on the assumptions (1)
the trial court awarded the entire amount of fees appellees incurred in
defending the case, and (2) the Act does not authorize an award of the entire
amount.  Brower asserts that she objected relative to the reasonableness and
necessity of appellees= legal fees, and further argues the trial court abused its
discretion because appellees failed to attach an invoice for attorneys= fees to their motion to dismiss. 
Accordingly,  Brower argues she did not have an opportunity to inquire further
into the matter.[6]  Brower has
not presented a sufficient record or authority to support her arguments.








Attorneys= fees and costs of court are
mandatory under the Act when a health care liability claimant fails to file an
expert report.  See Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(b)(1).  Nevertheless, nothing
in the Act modifies the general rule that a party seeking attorneys= fees must present evidence of
attorneys= fees.  See Tibbetts v. Gagliardi, 2 S.W.3d 659, 665 (Tex. App.CHouston [14th Dist.] 1999, pet.
denied) (stating same with regard to prior act).

We
review a trial court=s award of attorneys= fees under the Act for an abuse of
discretion.  See Sandles v. Howerton, 163 S.W.3d 829, 838 (Tex. App.CDallas 2005, no pet.) (applying abuse
of discretion standard under prior act).  Under an abuse of discretion
standard, legal and factual insufficiency issues are not independent grounds of
error but are relevant factors in assessing whether the trial court abused its
discretion.  See Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226
(Tex. 1991).

Turning
now to Brower=s arguments, we first observe that the record does not support Brower=s contention that the trial court
awarded the entire amount of fees appellees incurred.  DeScioli=s uncontroverted affidavit and the
attached invoices established fees in the amount of $5,000, but the court
awarded only $3,270.80.

Although
Brower would have this court discredit the invoices because appellees did not
attach them to their motion to dismiss and provided them only later, Brower
provides no authority for this argument and therefore has waived it.  See
Tex. R. App. P. 38.1(h) (stating appellant=s brief must contain clear and
concise argument for contentions made, with appropriate citations to
authorities and to the record); San Saba Energy, L.P. v. Crawford, 171
S.W.3d 323, 337B38 (Tex. App.CHouston [14th Dist.] 2005, no pet.) (overruling issue when
parties cited no part of the record and made no specific argument in support of
issue).








Second,
Brower correctly states the Act does not authorize all fees expended in
defending a medical malpractice case.  See, e.g., Awoniyi v.
McWilliams, 261 S.W.3d 162, 167 (Tex. App.CHouston [14th Dist.] 2008, no pet.)
(holding fees for conducting discovery not authorized because discovery is
stayed until expert report filed).  However, without a reporter=s record of the two hearings on
attorneys= fees, we are unable to discern the basis on which the trial court
reduced its original award or the hours or work for which the trial court
ultimately did award fees.  We therefore must presume there was sufficient
evidence before the trial court to support its award of attorneys= fees in the amount of $3,270.80.    See
Thomas v. Thomas, 902 S.W.2d 621, 626 (Tex. App.CAustin 1995, writ denied) (stating
same in context of declaratory judgment case). 

Finally,
Brower contends she should have been given an opportunity to inquire further
into the matter of attorneys= fees.  The October 17, 2007 order, however, indicates that,
as of that date, the trial court had (1) held a hearing on the issue of fees,
(2) requested  Afurther briefing in connection with Defendant=s [sic] request for attorney=s fees,@ and (3) in response to Brower=s motion and request, held a second
hearing regarding attorneys= fees.  In its October 17, 2007 order, the court stated, A[Brower] also contends that the
affidavit is insufficient because it is controverted.  Initially, this Court
ruled that [Brower] did not come forward with any evidence to indicate that the
Defendants= fees and costs were unreasonable or unnecessary.@  The court then further stated, AAt the October 1, 2007 hearing,
[Brower] argued and pointed out that the issue of the reasonable fees was
indeed controverted in the previous filings.@  After the October 1, 2007 hearing,
the trial court reduced the amount of its original award.  The record before
this court does not support Brower=s claim the trial court improperly
precluded her from adequately inquiring about, or controverting, attorneys= fees.








Accordingly,
we overrule Brower=s second issue and affirm the judgment.

 

 

/s/        Charles W. Seymore

Justice

 

 

 

Panel consists of Chief Justice
Hedges and Justices Anderson and Seymore.

 

 

 

 

 









[1]  See Tex. Civ. Prac. & Rem. Code Ann. '
74.351(a), (b)(2) (Vernon Supp. 2008).





[2]  See id. '
74.351(b)(1).





[3]  The appellate record contains only a clerk=s record.  Brower states that, at the hearing on July
23, 2007, she orally indicated she intended to non-suit her claim.  In one of
its orders, the trial court acknowledged the possibility Brower might have made
an oral indication of a non-suit, but the court also correctly observed such indication
occurred after appellees had filed their motion to dismiss, including their
claim for attorneys= fees.





[4]  This request sufficed to assert a Aclaim@ for attorneys= fees.  See Falls County Water Control &
Improvement Dist. No. 1 v. Haak, 220 S.W.3d 92, 94 (Tex. App.CWaco 2007, no pet.).  Brower=s request for a non-suit was made after appellees= claim for fees and could not affect appellees= pending claim.  See Tex. R. Civ. P. 162.





[5]  In their response in opposition to Brower=s motion for new trial, appellees argued Brower=s motion was untimely because it was filed more than
thirty days after the July 23, 2007 Ajudgment.@  Brower argues, given this Ajudicial admission,@
this court should vacate the September 5, 2007 order.  Appellees= argument was not a factual representation and
therefore did not constitute a judicial admission.  See Holy Cross Church of
God in Christ v. Wolf, 44 S.W.3d 562, 568 (Tex. 2001) (stating assertions
of fact, not pleaded in alternative, in live pleadings of party are regarded as
formal judicial admissions; and clear and unequivocal judicial admission has
conclusive effect and bars admitting party from later disputing admitted fact).





[6]  Brower also implies her request for a non-suit
precluded the trial court from awarding attorneys= fees.  She presents no authority in support of this contention, and it
is contrary to the procedural posture of the case and Texas Rule of Civil
Procedure 162.  See note 4, above.