HAYS & MARTIN, L.L.P., Appellant,

v.

Emmanuel E. UBINAS–BRACHE, M.D., Appellee.

No. 05–05–00238–CV.

Court of Appeals of Texas, Dallas.

April 4, 2006.

Rehearing Overruled June 6, 2006.

---

Robert H. Renneker, Dallas, for Appellant.

Joseph O. Collins, Jr., Kessler & Collins, Dallas, for Appellee.

Before Justices WRIGHT, O'NEILL, and LANG–MIERS.

## OPINION

Opinion by Justice WRIGHT.

Hays & Martin, L.L.P. appeals the trial court's judgment ordering the partnership to pay Emmanuel E. Ubinas–Brache for damages pursuant to a letter of protection. In four points of error, appellant contends (1) the trial court lacked jurisdiction over this case because appellee failed to exhaust his administrative remedies before the Texas Workers' Compensation Commission, (2) appellee is prohibited by statute from filing suit to recover unpaid medical bills, (3) the letter of protection sent by appellant to appellee was not a contractual obligation to pay appellee, and (4) the evidence is legally and factually insufficient to support the award of attorney's fees. We overrule appellant's points of error and affirm the trial court's judgment.

## Background

Israel Garcia was severely burned while removing glue from a floor at a Sears and Roebuck location. He was subsequently treated by appellee, a surgeon who specializes in plastic reconstructive surgery. Appellee operated on Garcia twice. Prior to the second surgery, appellee's staff contacted appellant and requested a letter of protection for Garcia's medical bills at the time of any settlement. Appellant responded with a letter promising "protection for all medical bills related to [Garcia's] accident at the time of settlement" of Garcia's claims. In the letter, appellant requested appellee to send appellant an itemized bill for services to Garcia and recognized that appellee's "cooperation" would be of significant benefit in settling Garcia's claim.

Texas Workers' Compensation Insurance Fund (TWCIF), Garcia's employer's workers' compensation carrier, preauthorized and paid for Garcia's first surgery. Although TWCIF preauthorized the second surgery, TWCIF refused to pay appellee for the second surgery because appellee failed to submit an operative report with the claim. A short time after TWCIF refused appellee's claim, Garcia settled his lawsuit with Sears and received a $1,150,000 settlement. As part of the settlement agreement, Garcia agreed to pay any remaining unpaid medical bills. Thereafter, when appellee resubmitted his claim for Garcia's surgery, TWCIF refused payment to appellee because of the settlement agreement. Appellee later filed suit against appellant claiming it was obligated to pay him pursuant to the letter of protection he had requested from appellant. The jury agreed and awarded appellee $50,000 and attorney's fees. The trial

court later reduced the judgment to $17,446.50 in damages plus attorney's fees. This appeal followed.

## Discussion

█ In its first point of error, appellant contends the district court lacked jurisdiction over this suit because appellee failed to exhaust his administrative remedies before the Texas Workers' Compensation Commission. We disagree.

█ In Texas, trial courts are courts of general jurisdiction. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex.2002). Courts of general jurisdiction presumably have subject matter jurisdiction unless a contrary showing is made. *Id.* On the other hand, there is no presumption that administrative agencies are authorized to resolve disputes. Rather, they may exercise only those powers the law, in clear and express statutory language, confers upon them. *Id.* Courts will not imply additional authority to agencies, nor may agencies create for themselves any excess powers. *Id.*

The Texas Worker's Compensation Act gives the Texas Workers' Compensation Commission jurisdiction to adjudicate medical benefits disputes arising under the Act. *See* Tex. Lab.Code Ann. § 413.031 (Vernon 2006). An attempt to resolve the dispute is necessary before seeking judicial review when a health care provider is denied payment or paid a reduced amount for the medical service rendered. *Id.* at § 413.031(a)(1), (k). In resolving disputes over the amount of payment, the Commission is authorized to review whether a reasonable medical justification exists for seeking more than the fee guidelines or to adjudicate the payment given the relevant statutory provisions and commissioner rules. *Id.* at § 413.031(b),(c). When payment is denied, the Commission reviews the medical necessity for the service provided. *Id.* at § 413.031(e).

Here, there is no dispute about the insurer's failure to pay for the second surgery. Rather, appellee sued appellant alleging it breached the contract to protect his medical bills in the event of a settlement. The Act does not provide for dispute resolution when, as here, payment is denied not on the basis of medical necessity or the reasonableness of the fee, but rather because the injured worker entered into a settlement agreement specifically providing he is responsible for any unpaid medical bills. Further, in adjudicating appellee's claim against appellant, the trial court was not required to (1) determine Garcia's entitlement to medical treatment, (2) determine whether a reasonable medical justification existed for seeking more than the fee guidelines, or (3) adjudicate the payment given the relevant statutory provisions and commissioner rules. Because the Act does not provide clear and express authority to resolve the dispute at issue in this case, appellant has failed to show the trial court did not have, as a court of general jurisdiction, subject matter jurisdiction over this case.

In reaching this determination, we necessarily conclude appellant's reliance on *Howell v. Texas Workers' Compensation Commission*, 143 S.W.3d 416 (Tex.App.-Austin 2004, pet. denied), and *Bone v. Utica National Insurance*, 2003 WL 21810944 (Tex. App.-Fort Worth 2003, pet. denied) (not designated for publication), is misplaced. In *Howell*, a health care provider disputed the adequacy of payment by a workers' compensation carrier, a dispute within the exclusive jurisdiction of the Act. *See Howell*, 143 S.W.3d at 437. Similarly, in *Bone*, the health care provider filed suit against the workers' compensation carrier after the insurer determined the treatment provided was not medically necessary.

*Bone,* at *1. The Fort Worth Court of Appeals determined that although the health care provider alleged fraud, negligent misrepresentation, and violations of the Deceptive Trade Practices Act, the claims centered around the insurer's preauthorization and denial of payment for medical services, a dispute which also falls within the exclusive jurisdiction of the Act. *Id.* at *4. In contrast, the dispute in this case is not one for which the Act provides clear and express authority to resolve the dispute. Thus, we conclude *Howell* and *Bone* are not controlling in this case. We overrule appellant's first point of error.

In its second point of error, appellant contends the trial court lacked jurisdiction over this case because section 413.042 of the Act precludes a health care provider from pursuing a private claim against a workers' compensation claimant except under certain circumstances not applicable in this case. *See* TEX. LAB.CODE ANN. § 413.042 (Vernon 2006). However, appellee's claim in this case was for breach of contract pursuant to the letter of protection. Appellee is not seeking to recover unpaid medical bills from Garcia. Rather, appellee contended appellant was liable for appellee's failure to be paid because after promising to protect appellee's medical bills in the event of a settlement, he failed to do so. As such, it is not a claim for medical benefits under the Act. Nor does his claim somehow circumvent the Act's administrative process. Appellee's claim was for damages from a third party not

subject to monitoring under chapter 413 pursuant to a contract not governed by the Act. Consequently, we conclude the dispute between appellee and appellant for payment pursuant to the letter of protection is not within the purview of the Act and is not precluded by section 413.042. We overrule appellant's second point of error.

In its third point of error, appellant contends the letter of protection was not an enforceable contract because there is no evidence of offer and acceptance or mutual assent.[1] After reviewing the record, we cannot agree.

Appellant first maintains the letter of protection is not an enforceable contract because there is no evidence of offer and acceptance. In support of this argument, appellant relies on *Advantage Physical Therapy, Inc. v. Cruse,* 165 S.W.3d 21 (Tex.App.-Houston [14th Dist.] 2005, no pet). In *Advantage,* the Houston Fourteenth Court of Appeals determined that acceptance of an *unsolicited* letter of protection (the offer) was not clearly communicated by Advantage to Cruse, and therefore the letter of protection was not enforceable as a contract. *Id.* at 26. In this case, however, the jury heard evidence that appellee contacted appellant seeking a letter of protection as a "condition before [appellee] would give [appellant Garcia's] records and information." Thus, unlike *Advantage,* the letter of protection was solicited. As a result, the jury could have reasonably determined

---

1. Although appellant also claims there was a failure to communicate clear and definite terms, and there is no evidence of execution, delivery, or consideration, appellant does not provide any meaningful application of the law to the facts on these issues. Thus, we conclude appellant has failed to adequately brief these complaints. *See Thedford v. Union Oil Co.,* 3 S.W.3d 609, 616 (Tex.App.-Dallas 1999, pet. denied); *Sullivan v. Bickel & Brewer,* 943

S.W.2d 477, 486 (Tex.App.-Dallas 1995, writ denied); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.,* 881 S.W.2d 279, 284 (Tex. 1994) (appellate court has discretion to waive points of error due to inadequate briefing). Therefore, we limit our discussion to appellant's argument that there is no evidence of offer and acceptance or a meeting of the minds.

the solicitation of the letter of protection in exchange for appellee's cooperation with Garcia's law suit was an offer, and when appellant sent appellee the letter of protection in response to appellee's request, appellant clearly communicated its acceptance of appellee's offer.

■ Appellant next argues there was no "meeting of the minds" about whether it would protect the medical bills in the event of a settlement. Appellant does not dispute the letter of protection clearly evidences appellant's intent to protect the medical bills in the event of a settlement. Rather, he argues the record "overwhelmingly establishes" that appellee had no such intent because appellee "sought and obtained pre-certification from TWCIF" and it was only after his claims were denied by the insurance carrier that he turned to appellant for payment. That appellee sought medical payment from the insurer *prior* to any settlement agreement does not in anyway establish appellee did not intend that, should a settlement be reached, he would not expect appellant to protect the medical bills as promised in the letter of protection. In fact, the evidence shows that as soon as appellee became aware of the settlement agreement, he contacted appellant regarding payment. Thus, we conclude that appellant's argument that there is no evidence of mutual assent lacks merit. We overrule appellant's third point of error.

■ In its fourth point of error, appellant contends the evidence is legally and factually insufficient to support the award of attorney's fees. Again, we disagree.

■ In determining whether the attorney's fees requested are reasonable and necessary, the fact finder should consider the following factors:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(2) the likelihood that the acceptance of the particular employment will preclude other employment;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

■ According to appellant, because appellee failed to present evidence of time records and failed to specify the specific number of hours the attorneys or paralegals worked on the case, there is insufficient evidence to show the first, second, fifth, or sixth of the *Arthur Andersen* factors. However, it is not necessary to establish each of these factors. *Burnside Air Conditioning & Heating, Inc. v. T.S. Young Corp.*, 113 S.W.3d 889, 897 (Tex. App.-Dallas 2003, no pet.). And, although typically the nature and extent of the services performed is expressed by the number of hours and the hourly rate, there is no rigid requirement that these facts must be in evidence for such a determination to be made. *See id.; Hagedorn v. Tisdale*, 73 S.W.3d 341, 353 (Tex.App.-Amarillo 2002, no pet.).

Here, the record shows appellee's counsel testified that he had seven years of

experience and has handled numerous cases. He testified that he charged appellee $235 an hour, a fee "comparable to similar lawyers in the downtown Dallas area." According to appellee's attorney, "most of the time on the case" was his, and the remainder was for the senior partner who had been practicing for seventeen years and charged $275 an hour. He explained that although he did not consider the case to be complicated factually, it was procedurally complicated. He further explained there were numerous discovery motions, responses to jurisdictional motions, and a continuance, all of which prolonged the case and required more work on his part. After considering the difficulty and length of time spent on the case, appellee's attorney considered $30,000 a reasonable and necessary fee. Thus, although the record does not specify the total number of hours spent on the case by each person who had devoted time to it, the jury had evidence upon which to determine the reasonableness and necessity of the attorney's fees. *See Burnside,* 113 S.W.3d at 898; *Hagedorn,* 73 S.W.3d at 353–54. After reviewing the record in this case, we conclude the evidence is legally and factually sufficient to support the award of attorney's fees. We overrule appellant's fourth point of error.

Accordingly, we affirm the trial court's judgment.