# NO. 12-08-00007-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LOUIS E. THOMAS,*<br>*APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *BOBBY D. ASSOCIATES, AN OHIO*<br>*GENERAL PARTNERSHIP,*<br>*APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

*MEMORANDUM OPINION*

In accord with the jury's verdict, the trial court rendered judgment awarding Bobby D. Associates $7,030.00 in actual damages for Louis E. Thomas's breach of six contracts for deed and awarding Bobby D. Associates $49,000.00 in attorney's fees. Thomas appeals contending the trial court erred in granting Bobby D. Associates attorney's fees because Thomas did not recover damages, or, in the alternative, that the trial court erred in awarding attorney's fees disproportionate to the amount recovered. We affirm in part and conditionally affirm in part.

### BACKGROUND

On April 17, 1996, Thomas executed six contracts for deed for the purchase of six plots of land in a subdivision in Van Zandt County, Texas. The total price for each plot was $15,000.00. Thomas paid $200.00 with the execution of each contract and agreed to pay the balance over a period of ten years, in 120 equal successive monthly installments of $4,203.87 each.

Through a series of assignments, the six contracts were transferred to Bobby D. Associates. After making no more than four or five payments on each contract, Thomas ceased to pay the

monthly installments on all the contracts. Eventually, Bobby D. Associates filed suit for $14,523.41 remaining due on each contract or a total of $87,140.46 plus accrued interest. Thomas answered claiming no contract existed because the purported agreement was not supported by consideration, and further alleged waiver, laches, estoppel, fraud, fraudulent inducement, and lack of capacity to sue on the part of Bobby D. Associates.

The jury found that Thomas had entered into a contract for deed with Bobby D. Associates on each of the six plots, that Thomas had failed to comply with the terms of the six contracts, and that damages resulted from Thomas's breach related to each contract, the total for all the contracts being $7,030.00 and prejudgment interest of $11,752.61. The jury also found that Thomas's failure to perform was not excused by Bobby D. Associates' waiver, and that a reasonable and necessary fee for Bobby D. Associates' attorney's fees was $49,000.00.

## ATTORNEY'S FEES

In his sole issue, Thomas complains that the trial court erred in awarding Bobby D. Associates any attorney's fees because the finding of actual damages "is effectively a 'take-nothing' judgment due to offsets." Thomas also contends that if Bobby D. Associates is entitled to attorney's fees, the amount awarded ($49,000.00) is grossly disproportionate to the amount of actual damages ($7,030.00).

### Standard of Review

The question of whether the recovery of attorney's fees is permitted by statute or contract in a given instance is one of law. *See* **Holland v. Wal-Mart Stores, Inc.**, 1 S.W.3d 91, 94 (Tex. 1999). If recoverable, their amount is for the trier of fact. **Bocquet v. Herring**, 972 S.W.2d 19, 21 (Tex. 1998). An attorney's fee award is reviewed for excessiveness under a sufficiency of the evidence standard. **SAS Associates v. Home Mktg. Servicing, Inc.**, 168 S.W.3d 296, 304 (Tex. App.–Dallas 2005, pet. denied).

### Applicable Law

A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is based on an oral or written contract. TEX. CIV. PRAC. REM. CODE ANN. § 38.001(8) (Vernon 2008). To recover attorney's fees under this

section, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages. ***Green Int'l, Inc. v. Solis***, 951 S.W.2d 384, 390 (Tex. 1997). A party, however, is entitled to attorney's fees even though the damages recovered on its claim are offset by the opposing parties' counterclaim. Therefore, although the prevailing party must recover damages, it need not obtain a *net* recovery. ***McKinley v. Drozd***, 685 S.W.2d 7, 10-11 (Tex. 1985); *see also* ***Matthews v. Candlewood Builders, Inc.***, 685 S.W.2d 649, 650 (Tex. 1985). The no-net-recovery exception does not apply when the damages awarded by the jury are offset by settlement credits or insurance payment credits. ***Imperial Lofts, Ltd. v. Imperial Woodworks, Inc.***, 245 S.W.3d 1, 7 (Tex. App.–Waco 2007, pet. denied).

The determination of the reasonableness of attorney's fees is a question for the jury's determination. ***Bocquet***, 972 S.W.2d at 21. Factors the trier of fact should consider in determining the amount of reasonable attorney's fees include the following:

> 1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; 2) the likelihood. . . that the acceptance of the particular employment will preclude other employment by the lawyer; 3) the fee customarily charged in the locality for similar legal services; 4) the amount involved and the results obtained; 5) the time limitations imposed by the client or by the circumstances; 6) the nature and length of the professional relationship with the client; 7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and 8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

***Arthur Anderson & Co. v. Perry Equip. Corp.***, 945 S.W.2d 812, 818 (Tex. 1997) (quoting Tex. Disciplinary R. Prof. Conduct 1.04, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app (State Bar Rules, art. X, § 9)). It is not necessary for the court to receive evidence on each of these factors. ***Hays & Martin, L.L.P. v. Ubinas–Brache***, 192 S.W.3d 631, 636 (Tex. App.–Dallas 2006, pet. denied). The nature and extent of the services performed is typically shown by the number of hours and the hourly rate, but there is no absolute requirement that these facts be in evidence. ***Id.***

The usual method of proof of the amount of reasonable attorney's fees is the opinion testimony of lawyers testifying as expert witnesses. 2 William V. Dorsaneo, III, TEXAS LITIGATION GUIDE § 22.41 (May 2008). The opinion testimony may come from a disinterested attorney, or from an attorney whose fees are in question in the case. ***Id.***

The general rule is that the testimony of an interested witness, such as the attorney whose fees

3

are to be determined, though not contradicted, does no more than raise a fact issue to be determined by the jury. ***Ragsdale v. Progressive Voters League***, 801 S.W.2d 880, 882 (Tex. 1990). There is, however, an exception to the rule whereby the testimony of an interested witness may establish facts as a matter of law. ***Id.*** The exception applies when the testimony from the interested witness is not contradicted by any other witness or attendant circumstances, and it is clear, direct, and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion on the evidence. ***Id.*** "The exception to [this] interested witness rule . . . *is especially* true where the opposing party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so. . . ." ***Id.*** (quoting ***Anchor Casualty Co. v. Bowers***, 393 S.W.2d 168, 169 (Tex. 1965) (emphasis in original)).

In ***Ragsdale***, Ragsdale's attorneys testified to the time involved, the nature of the services that were rendered, and the reasonableness of the fees charged. The supreme court found the evidence clear, direct, and positive, and not contradicted by any other witness or attendant circumstances. The supreme court reversed that portion of the court of appeals' judgment remanding the question of attorney's fees to the trial court, and rendered judgment for Ragsdale for attorney's fees in the amount shown by the testimony of his attorneys. ***Ragsdale***, 801 S.W.2d at 882.

**Offset**

Thomas does not complain on appeal of the actual damages found by the jury. Thomas contends that the jury awarded Bobby D. Associates damages equivalent to the fair market value of each tract. Because Bobby D. Associates repossessed the property several years before trial, Thomas argues that the offset fair market value of the tracts should be offset against the damages found by the jury.

The trial court, in its charge, instructed the jury how to calculate Bobby D. Associates' damages for each contract, as follows:

> "What sum of money, if paid now in cash, would fairly and reasonably compensate Bobby D. Associates for its damages, if any, that resulted from Thomas' failure to comply?
>
> Consider the following elements of damages, if any, and none other:
>
> The difference between the principal amount owed under the Contract for Deed for Plot #__ and the current fair market value of Plot #__."

4

It is apparent that the trial court specifically instructed the jury to offset the current fair market value of each plot against the amount owed under the contract of sale for that plot. Therefore, we must assume that the jury, as instructed, has already given Thomas the benefit of the offset by subtracting the fair market value of each tract from the amount remaining due on each contract to arrive at the amount of actual damages.

Moreover, it was not necessary for Bobby D. Associates to obtain a net recovery in order to be entitled to attorney's fees. Bobby D. Associates prevailed in a cause of action for which attorney's fees are recoverable and it recovered damages. *See McKinley*, 685 S.W.2d at 10; *Matthews*, 685 S.W.2d at 650.

Thomas relies on *Imperial Lofts, Ltd. v. Imperial Woodworks, Inc.* The holding in *Imperial Lofts,* however, applies to limit the recovery of attorney's fees only when the damages found by the jury are entirely offset by settlement credits or insurance payment credits. *Imperial Lofts, Ltd.*, 246 S.W.3d at 7. There is no suggestion that settlement credits or insurance payment credits are involved in this case. Thomas also relies on *Kenneth Leventhal & Co. v. Reeves*, 978 S.W.2d 253 (Tex. App.–Houston [14th Dist.] 1998, no writ), wherein the trial court entered a take nothing judgment against both Leventhal and Reeves, but awarded Reeves $45,000 in attorney's fees. Reeves, the Fourteenth Court held, could not recover attorney's fees, because he did not recover damages. In fact, Reeves sought no damages. *Id.* at 257-58. In our case, Bobby D. Associates sought and recovered damages.

## Disproportionality of Award

Thomas next contends the amount of attorney's fees recovered by Appellee, $49,000.00, is grossly disproportionate to the amount of damages recovered, $7,030.00.

The fee awarded must be reasonable under the circumstances, and ordinarily it must bear some reasonable relationship to the amount in controversy. *Armstrong Forest Products v. Redempco, Inc.*, 818 S.W.2d 446, 453 (Tex. App.–Texarkana 1991, writ denied). While the trial court must consider the amount of damages involved and the results obtained, the amount of damages is only one factor to be considered. Dorsaneo, *supra*, § 22.40[2]; *Hayes & Martin L.L.P.*, 192 S.W.3d at 636. Awards have been held reasonable even when the amount of attorney's fees far surpasses the amount of actual damages. *See, e.g., Bencon Mgmt. & Gen. Contracting, Inc. v.*

5

***Boyer, Inc.***, 178 S.W.3d 198, 209-10 (Tex. App.–Houston [14th Dist.] 2005, no pet.).

Bobby D. Associates' attorney testified that during the seven years since his client had retained his firm's services, seven lawyers had worked on the case for a total of 300 hours at rates varying from $130.00 to $160.00 per hour for total fees of $47,500.00 plus expenses of $1,950.00. This testimony was clear, direct, and positive. Thomas presented no evidence indicating the fee was unreasonable, nor did his attorneys elicit any testimony during cross examination tending to controvert or impeach the testimony of Appellee's attorney. The trial court correctly instructed the jury in the factors to be considered in determining a reasonable attorney's fee.

The dispute was in litigation for seven years, but the trial lasted little more than a day. The issues involved were not complex. Bobby D. Associates sought in excess of $80,000.00 but recovered $7,030.00. There is no evidence that its attorneys were precluded from other employment because of their representation of Bobby D. Associates. The record does not show numerous trial settings, multiple depositions, or any indication of a treacherous procedural history. Although in litigation for seven years, apparently there were periods when the case lay dormant for years. The suit languished in the trial court until 2006 when the trial court placed the case on its dismissal docket. It is not the defendant's but the plaintiff's burden to advance a case to trial.

Seven lawyers worked on this case for Bobby D. Associates, not at the same time, but one after the other. It is probably safe to assume that each new lawyer assigned to the case was required to spend some time replowing the same ground as his or her predecessor in order to become familiar with the case. Whether the number of hours spent on the case is attributable to this repeated reworking of the case or some other cause, the case has been overworked. Bobby D. Associates' attorney testified that his firm had devoted approximately three hundred hours to this lawsuit. There are no time records or other evidence showing how this time was spent. It simply strains credulity to accept that it was necessary and reasonable for Bobby D. Associates' attorneys to devote the temporal equivalent of one lawyer working full time for over a month and a half to conclude an uncomplicated case that took just over a day to try.

Although the testimony concerning attorney's fees was uncontroverted, it does not mandate an award in the amount sought when, as here, there are attendant circumstances that contradict the reasonableness of the fee sought. *See* ***Schoeffler v. Denton***, 813 S.W.2d 742, 745 (Tex.

App.–Houston [14th Dist.] 1991, no writ). The amount of attorney's fees is a question of fact for the jury, but the trial or appellate court has the duty to reduce the fee awarded if it is excessive. *Southland Life Ins. Co. v. Norton*, 5 S.W.2d 767, 769 (Tex. Comm'n App. 1928, holding approved); *see also **Argonaut Ins. Co. v. ABC Steel Products Co***, 582 S.W.2d 883, 889 (Tex. App.–Texarkana 1979, writ ref'd n.r.e.). In determining whether the award is excessive, the reviewing court is entitled to "look to the entire record . . . , and to view the matter in the light of the testimony, the record before them, the amount in controversy, and their own common knowledge and experience as lawyers and judges." *Id.*

Having reviewed the entire record in light of the applicable standard of review and the factors to be considered, we conclude the attorney's fees are excessive in the amount of $24,000.00. Thomas's sole issue is sustained to the extent that he complains of the disproportionality of the attorney's fees award in favor of Bobby D. Associates.

## Conclusion

We have sustained a portion of Thomas's first issue. The error, however, affects only the amount of attorney's fees awarded. The issue of attorney's fees is severable. ***Great Am. Reserve Ins. Co. v. Britton***, 406 S.W.2d 901, 907 (Tex. 1966). We ***affirm*** that part of the judgment awarding Bobby D. Associates damages in the amount of $7,030.00 plus prejudgment interest in the amount of $11,752.61 and postjudgment interest on those amounts at 18% per annum. If Bobby D. Associates files in this court a remittitur of $24,000.00 in writing within 20 days from the date of this opinion, then this portion of the judgment will be reformed and affirmed. If a remittitur is not so filed, then this portion of the judgment awarding attorney's fees will be severed and reversed and remanded for a new trial. *See* Tex. R. App. P. 46.3.

***Affirmed*** in part and ***conditionally affirmed*** in part.

  BILL BASS  
Justice

Opinion delivered August 6, 2008.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.*

(PUBLISH)

7