**Affirmed; Opinion Filed August 16, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00117-CV

### GLASS CARS, INC., Appellant
### V.
### FELIPE DE JESUS ORTIZ, Appellee

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-09370**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Lang

Glass Cars, Inc., appellant, appeals from the trial court's judgment that dismissed appellant's suit pursuant to rule 91a of the Texas Rules of Civil Procedure and awarded Felipe de Jesus Ortiz, appellee, attorney's fees in the amount of $8,400. In its sole issue, appellant asserts that the trial court abused its discretion when granting appellee's requested attorney fees without giving appellant an opportunity to respond to appellee's allegedly conclusory affidavits.

Appellant contends "the lack of notice and opportunity to be heard mattered" because the affidavits "were conclusory and did not describe the services provided with the corresponding amounts of time spent on each service." Further, appellant asserts the trial court should have granted its motion for new trial by setting aside the judgment as to attorney's fees and should have given it "an opportunity to depose the attorneys who submitted the affidavits to determine

the amount of time they spent on tasks performed or a hearing with an opportunity for cross-examination." Appellant does not appeal the decision of the trial court to dismiss the case pursuant to rule 91a. *See* TEX. R. CIV. P. 91a.

The trial court denied the motion for new trial stating in its order, in part, that it had considered appellant's "Motion for New Trial, requesting a reopening of this cause and said motion is hereby DENIED." We affirm the judgment of the trial court.

## I. FACTUAL AND PROCEDURAL CONTEXT

Appellant, a corporation in which Ortiz owns a one-half interest, brought suit against Ortiz claiming he (1) breached his duty of loyalty and care as a director, officer, and shareholder; (2) consistently and wrongfully diverted corporate opportunities for himself; (3) fraudulently appropriated money from the corporation, and; (4) committed theft against the corporation. Ortiz moved to dismiss the suit pursuant to rule 91a of the Texas Rules of Civil Procedure.[1] On November 21, 2014, the trial court conducted a hearing on the motion to dismiss.[2] Three days later, Ortiz filed two affidavits in support of his claim for attorney's fees.

Each signed and sworn affidavit stated the attorney's name, that he was employed by Ortiz for the suit, the number of hours worked, and his billing rate. Then, each attorney stated his opinion that attorney's fees in the amount of $8,400 "would be reasonable." The affidavits were identical except for the number of hours each attorney stated he worked on the case. Neither attorney stated his experience, nor any information about a customary fee in Dallas County. No attorney's fees billing records were presented with the affidavits.

---

[1] That rule states, in pertinent part:

[A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

TEX. R. CIV. P. 91a.1.

[2] The appellate record does not include a reporter's record of this hearing.

On the same day that Ortiz filed the two affidavits, the trial court signed an order dated November 24, 2014, that granted the motion to dismiss and awarded $8,400 in attorney's fees. Appellant filed a motion for new trial on December 5, 2014, stating the trial court erred in awarding the $8400 in attorney's fees because appellant had no opportunity to review, "refute," or assert objections to the affidavits on the grounds they were conclusory and could not support an award for attorney's fees. Before the trial court ruled on the motion for new trial, appellant filed its notice of appeal challenging the November 24, 2014 judgment. The trial court denied appellant's motion for new trial by order dated January 16, 2015.

In its motion for new trial and on appeal, appellant asserts the trial court abused its discretion by improperly considering the affidavits when appellant had no opportunity to raise its objections before the fee award was rendered. Ortiz concedes that the trial court's award of attorney fees was erroneous because it awarded attorney's fees on the same day it received the affidavits and appellant had no opportunity to respond. However, Ortiz asserts that appellant is not entitled to relief because appellant waived error by not contending on appeal that the fees awarded were unreasonable or that the evidence of those fees is insufficient. Further, Ortiz contends appellant's brief did not discuss how its lack of opportunity to raise its objections and be heard constituted harm; that is, how an opportunity to respond and object probably caused "the rendition of an improper judgment." *See* TEX. R. APP. P. 44.1(a); *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 883 (Tex. 2014).

## II. ATTORNEY'S FEES AWARD

### A. Standard of Review

We review the trial court's decision to grant or deny attorney's fees for an abuse of discretion. *Ridge Oil Co., Inc. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 163 (Tex. 2004); *Spector Gadon & Rosen, P.C. v. Sw. Sec., Inc.*, 372 S.W.3d 244, 251 (Tex. App.—Dallas 2012, no pet.)

–3–

("The fixing of a reasonable attorney's fee is a matter within the sound discretion of the trial court, and its judgment will not be reversed on appeal absent a clear abuse of discretion.").

## B. Applicable Law

The court must consider evidence regarding reasonable costs and fees when determining the attorney fee award in connection with a rule 91a motion to dismiss. *See* TEX. R. CIV. P. 91a.7. When considering the reasonableness of an attorney's fee, the factfinder should consider several factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). However, evidence of each of the *Arthur Andersen* factors is not required to support an award of attorney's fees. *Ellis v. Renaissance on Turtle Creek Condo. Ass'n, Inc.*, 426 S.W.3d 843, 859 (Tex. App.— Dallas 2014, pet. denied). "The reasonableness and necessity of attorney's fees is shown by evidence that the fees were incurred while in litigation with the party sought to be charged with the fees on a claim which allows the recovery of such fees." *Hagedorn v. Tisdale*, 73 S.W.3d 341, 353 (Tex. App.—Amarillo 2002, no pet.).

The court is required to determine the nature and extent of the services performed, which is typically expressed by the number of hours and the hourly rate. *See Hays & Martin, L.L.P. v. Ubinas-Brache*, 192 S.W.3d 631, 636 (Tex. App.—Dallas 2006, pet. denied). However, there is no rigid requirement that both facts must be in evidence for such a determination to be

–4–

made." *Id.* The court can also look at the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties. *Id.*

### C. Application of Law to the Facts

Appellant argues that the attorney's fees affidavits are conclusory and the trial court should have reversed the judgment as to attorney's fees and reopened the case for new trial so appellant would have "an opportunity either to depose the attorneys who submitted the affidavits to determine the amount of time they spent on tasks performed or a hearing with an opportunity for cross-examination." Ortiz contends appellant has waived "any claim it may have had as to the reasonableness or amount of attorney fees" because it has not appealed on the basis that the fees awarded were unreasonable. Further, appellant has not argued that the trial court's error caused "the rendition of an improper judgment." *See* TEX. R. APP. P. 44.1(a)(1).

Appellant does not question the statements in the affidavits as to the total hours of time expended by each attorney, the billable hourly rates claimed, the services provided as identified in the attorney's fees affidavits, nor the reasonableness of the total fee award of $8400. Rather, appellant argues only that it should be able to find out more, through discovery or cross examination at a hearing, about how many hours were expended as to each of the services provided.[3] In order to secure reversal of a judgment, the party against whom the judgment was rendered must show that the trial court's error "probably caused the rendition of an improper judgment; or . . . probably prevented the appellant from properly presenting the case to the court of appeals." TEX. R. APP. P. 44.1(a)(1); *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 883 (Tex.

---

[3] Although not specifically identified by appellant as the subject of the proposed discovery or cross examination, we note each affidavit stated in part, "It is my opinion that cumulative attorney's fees in the amount of $8400 would be a reasonable fee for the services required to perfrom preliminary discovery, motion research, Defendant's answer, Defendant's Motion to dismiss, and respective responses."

2014). On this record, we cannot conclude appellant has made the required showing to secure reversal of the award of attorney's fees.

Appellant's sole issue is decided against it.

### III. CONCLUSION

On this record, we cannot conclude the trial court abused its discretion. The judgment of the trial court is affirmed.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

150117F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GLASS CARS, INC., Appellant

No. 05-15-00117-CV      V.

FELIPE DE JESUS ORTIZ, Appellee

On Appeal from the 44th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-14-09370.
Opinion delivered by Justice Lang. Justices Brown and Whitehill participating.

      In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

      It is **ORDERED** that appellee FELIPE DE JESUS ORTIZ recover his costs of this appeal from appellant GLASS CARS, INC..

Judgment entered this 16th day of August, 2016.