# NO. 12-12-00073-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

| | | |
|---|---|---|
| *EDOM WASH 'N DRY, LLC,* <br> *APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE SHED, LLC AND* <br> *MARY ELLEN MALONE,* <br> *APPELLEES* | § | *VAN ZANDT COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

On original submission, we remanded the issue of attorney's fees for Edom Wash 'N Dry, LLC (Edom) to the trial court for a new trial. On remand, the trial court signed a take nothing judgment against Edom on the issue of attorney's fees. Edom raises three issues on appeal. We affirm.

### BACKGROUND

The underlying dispute between the parties involved events surrounding Edom's use of an easement across real property owned by The Shed, LLC and Mary Ellen Malone (collectively, The Shed). The following issues were brought before the trial court and jury for determination during the first trial:

1. a declaratory judgment action to determine the location of the easement;
2. unreasonable blocking of the easement;
3. malice;
4. a permanent injunction;
5. compensatory damages;
6. exemplary damages; and
7. attorney's fees.

We reversed the jury's award of attorney's fees to Edom because of Edom's failure to segregate the attorney's fees as required by the supreme court in ***Tony Gullo Motors I, L.P. v. Chapa***, 212

S.W.3d 299 (Tex. 2006). *See **The Shed, L.L.C. v. Edom Wash 'N Dry, LLC***, No. 12-07-00431-CV, 2009 WL 692609, at *9-11 (Tex. App.—Tyler Mar. 18, 2009, pet. denied) (mem. op.).

On remand, the trial court conducted a bench trial on the issue of attorney's fees. One of Edom's attorneys, Jeffrey W. Hurt, testified that he had segregated his attorney's fees relating to Edom's declaratory judgment action as well as the fees of Richard L. Ray, Edom's other attorney. Hurt explained his methodology and also presented various spreadsheets and other exhibits showing his allocation of the fees by claim. Larry Lesh, one of The Shed's attorneys, cross examined Hurt and also testified in opposition to Edom's attorney's fees. Hurt and Lesh were the only witnesses, and both testified as experts on attorney's fees.

The trial court signed an order that Edom take nothing on its claim for attorney's fees. Approximately one month later, the trial court signed a final take nothing judgment against Edom or its attorney's fees claim. No findings of fact or conclusions of law were requested or filed. This appeal followed.

### GOVERNING LAW AND STANDARD OF REVIEW

Texas has long followed the "American Rule" prohibiting attorney's fee awards unless specifically authorized by contract or statute. ***MBM Fin. v. Woodlands Operating Co.***, 292 S.W.3d 660, 669 (Tex. 2009). The Texas Uniform Declaratory Judgments Act (the Act) provides that the trial court "may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2008). The Act entrusts attorney's fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that fees be equitable and just, which are matters of law. ***Bocquet v. Herring***, 972 S.W.2d 19, 21 (Tex. 1998). It is an abuse of discretion for a trial court to rule arbitrarily, unreasonably, or without regard to guiding legal principles, or to rule without supporting evidence. ***Id***. In resolving factual issues or matters committed to the trial court's discretion, an abuse of discretion does not exist if the trial court bases its decision on conflicting evidence and some evidence supports its decision. ***Unifund CCR Partners v. Villa***, 299 S.W.3d 92, 97 (Tex. 2009). However, a trial court abuses its discretion when its decision is contrary to the only permissible view of probative evidence that is properly admitted. ***Id***. A trial court's judgment on attorney's fees in a declaratory judgment action will not be reversed on appeal

2

absent a clear showing that it abused its discretion. ***Oake v. Collin Cnty.***, 692 S.W.2d 454, 455 (Tex. 1985).

A prevailing party in a declaratory judgment action is not entitled to attorney's fees simply as a matter of law; entitlement depends on what is equitable and just, and the trial court's power is, in that respect, discretionary. ***Save Our Springs v. Lazy Nine Mun. Util.***, 198 S.W.3d 300, 319 (Tex. App.—Texarkana 2006, pet. denied). What is "equitable and just" in awarding attorney's fees is not a fact question because the determination is not susceptible to direct proof, but is rather a matter of fairness in light of all the circumstances. ***Ridge Oil Co. v. Guinn Inv.***, 148 S.W.3d 143, 162 (Tex. 2004); *see also* ***Moore v. Jet Stream Inv., Ltd.***, 261 S.W.3d 412, 432 (Tex. App.—Texarkana 2008, pet. denied) ("The trial court's decision whether to award attorney's fees in a declaratory judgment case depends on the court's conclusion whether it is just and equitable to do so under all of the circumstances of the case. . . ."). In other words, the trial court may consider the entire record in making the determination on whether to award attorney's fees under the Act. *See* ***McCalla v. Ski River Dev., Inc.***, 239 S.W.3d 374, 381 (Tex. App.—Waco 2007, no pet.). In the exercise of its discretion, a trial court may decline to award attorney's fees to either party. ***SAVA gumarska in kemijska industria d.d. v. Advanced Polymer Scis., Inc.***, 128 S.W.3d 304, 324 (Tex. App.–Dallas 2004, no pet.).

Where, as here, no findings of fact or conclusions of law are requested or filed, it is implied that the trial court made all findings necessary to support its judgment. ***Worford v. Stamper***, 801 S.W.2d 108, 109 (Tex. 1990). In determining whether some evidence supports the judgment and the implied findings of fact, "it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature." ***Id***. (quoting ***Renfro Drug Co. v. Lewis***, 149 Tex. 507, 513, 235 S.W.2d 609, 613 (1950)). The judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. ***Id***. The trial court, as the trier of fact, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. ***Santa Fe Petroleum v. Star Canyon Corp.***, 156 S.W.3d 630, 638 (Tex. App.—Tyler 2004, no pet.). The trial court may take into consideration all the facts and surrounding circumstances in connection with the testimony of each witness and accept or reject all or any part of that testimony. ***Id***.

## TESTIMONY OF OPPOSING ATTORNEY

In its first issue, Edom contends that the trial court committed reversible error by allowing Lesh, The Shed's attorney, to testify regarding Edom's attorney's fees. Edom bases this contention on its interpretation of *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880 (Tex. 1990). There, the supreme court stated the general rule that the testimony of an interested witness, such as a party to the suit, though not contradicted, does no more than raise a fact issue to be determined by the jury. *Id*. Edom argues this ruling means that Lesh, as an interested witness representing The Shed, should not have been allowed to testify against its attorney's fees. However, *Ragsdale* does not state that an interested witness cannot testify. *See id.*

Attorneys, whether in support or contradiction of an amount claimed to be a reasonable attorney's fee, are allowed to present evidence on the issue of attorney's fees. *See Nguyen Ngoc Giao v. Smith & Lamm, P.C.,* 714 S.W.2d 144, 148 (Tex. App.—Houston [1st Dist.] 1986, no pet.). An attorney representing any party in a suit, as an interested expert witness, is competent to testify on the issue of attorney's fees, and his testimony can raise a fact issue. *See id*. Because Lesh was an attorney representing a party in this suit, he was competent to testify on the issue of Edom's attorney's fees. Therefore, the trial court did not err in allowing him to testify. Accordingly, Edom's first issue is overruled.


## ABUSE OF DISCRETION

In its second issue, Edom argues that the trial court abused its discretion by considering in making its ruling the failure of Richard L. Ray to testify regarding the reasonableness and necessity of his attorney's fees. In its third issue, Edom contends that the trial court abused its discretion by failing to award it any attorney's fees. We address these two issues together.

The attorney's fees relating to Edom's declaratory judgment to determine the location of the easement were the only attorney's fees Edom could recover in its suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009. As noted above, Hurt testified about his segregation of Edom's attorney's fees. He explained that he took his and Ray's bills and went through each time entry by month to determine what work was done and the claim to which it related. He testified that this method worked well for all entries except "the time a month before trial and during trial when everybody's working hard on the entire case, and then the trial. . . ." He stated that those time entries "tend to get lumped without specific" details of the work performed. To segregate

4

those fees, he first analyzed the trial transcripts line by line. He determined how many lines pertained to "general housekeeping matters involved with the trial," and then calculated how many of the remaining lines of the transcript dealt with each of the claims asserted in the lawsuit. Finally, he calculated that 92.65% of the actual trial time related to the declaratory judgment action and applied that percentage to the cost and time entries for trial preparation and then the trial, which lasted "three of four days."

Hurt presented a number of spreadsheets that showed the categories he used to segregate the fees and his calculations of fees and costs for Edom's claims. These spreadsheets were introduced and admitted into evidence. Hurt testified that he did not consider any of the time billed as being too intertwined to segregate. Lesh cross examined Hurt, challenging his characterization of several portions of the trial testimony as pertaining to the declaratory judgment claim only. Hurt maintained that the "primary thrust" of the testimony pertained to the location of the easement (the declaratory judgment claim), but agreed that some of the testimony was "possibly" related to other claims as well.

During his own testimony, Lesh continued to assail Hurt's segregation of the fees. He pointed to other documents related to the case in which Edom identified testimony pertaining to malice or unreasonable blocking of the easement. Lesh testified that this same testimony was identified in Hurt's spreadsheets as pertaining to the declaratory judgment claim. Lesh testified further that Hurt's spreadsheets did not include a separate category for the fees and costs associated with the unreasonable blocking of the easement claim, implying that those fees and costs were included in the declaratory judgment claim calculations. According to Lesh, Hurt's failure to segregate the fees and costs associated with the unreasonable blocking claim rendered his methodology defective. Lesh's testimony raised a fact issue regarding whether Hurt had properly segregated the attorney's fees relating to Edom's declaratory judgment action. *See Nguyen Ngoc Giao*, 714 S.W.2d at 148. The trial court implicitly resolved the issue against Edom.

The trial court's implied finding on Edom's segregation of attorney's fees was based on conflicting evidence. *See Villa*, 299 S.W.3d at 97. It is not contrary to the only permissible view of the evidence, and therefore does not constitute an abuse of discretion. *See id*. The segregation of Edom's attorney's fees was a prerequisite to proving reasonable and necessary attorney's fees for Edom's declaratory judgment claim. *See The Shed*, 2009 WL 692609, at *9-11. Proof of

5

reasonable and necessary attorney's fees is a requirement for awarding attorney's fees under the Act. TEX. CIV. PRAC. & REM. CODE ANN. § 37.009. Because the trial court implicitly found that Edom did not properly segregate its attorney's fees, it could not have found that Edom satisfied the Act's "reasonable and necessary" requirement. *See id*. Accordingly, the trial court did not abuse its discretion in failing to award Edom its attorney's fees.

The order preceding the final judgment contains the findings upon which the trial court based its ruling. One of those findings is that "Mr. Ray, one of the attorneys whose fees are in question in the case, did not testify regarding the reasonableness and necessity of his attorney's fees."[1] The record supports this finding, but also shows that Hurt testified Ray's fees were reasonable and necessary. Therefore, there was evidence in the record that Ray's fees were reasonable and necessary.

As explained above, we have held that the trial court did not abuse its discretion in implicitly finding that Edom failed to properly segregate its attorney's fees. Consequently, the trial court's finding regarding Ray's failure to testify is not necessary to support the judgment. *See Worford*, 801 S.W.2d at 109. Because the finding is not necessary to support the judgment, Edom cannot show that it was harmed by the trial court's consideration of Ray's failure to testify. *See* TEX. R. APP. P. 44.1(a)(1).

We overrule Edom's second and third issues.


## DISPOSITION

Having overruled Edom's three issues, we ***affirm*** the judgment of the trial court.


**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 10, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)

---

[1] We assume, for purposes of argument, that we may review this finding on appeal.



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**JULY 10, 2013**

## NO. 12-12-00073-CV

**EDOM WASH 'N DRY, LLC,**

Appellant

V.

**THE SHED, LLC AND MARY ELLEN MALONE,**

Appellees

Appeal from the 294th Judicial District Court

of Van Zandt County, Texas. (Tr.Ct.No. 06-00320)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **EDOM WASH 'N DRY, LLC**, for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*