IN THE
TENTH COURT OF APPEALS



No. 10-12-00161-CV

**MOHAMAD MOOTI AND ILHAM ELSALEH
D/B/A BRYAN AUTO BODY & AUTO SALES
AND BRAZOS VALLEY COLLISION CENTER,**

                                            **Appellants**

 **v.**

**AHMAD ALDIRAWI,**

                                            **Appellee**

From the 85th District Court
Brazos County, Texas
Trial Court No. 07-002171-CV-85

## MEMORANDUM OPINION

Appellants Mohamad Mooti and Ilham Elsaleh d/b/a Bryan Auto Body & Auto Sales and Brazos Valley Collision Center appeal the trial court's award of prejudgment interest, attorney's fees, and costs to Appellee Ahmad Aldirawi in this partnership dissolution case. Mooti and Elsaleh complain that the trial court should have instead awarded them attorney's fees and costs because they were the prevailing parties.

### Background

In 2007, Mooti and Elsaleh sued Aldirawi after Aldirawi allegedly asserted an

interest in Mooti's and Elsaleh's existing partnership.[1]  Mooti and Elsaleh alleged that Aldirawi was not a partner and asserted various causes of action including fraud, violation of the Texas Theft Liability Act, and intentional infliction of emotional distress. Aldirawi filed a general denial and "Defendant's Counterclaim."  In his "Counterclaim," Aldirawi requested a declaratory judgment (1) declaring that Bryan Auto Body & Auto Sales and Brazos Valley Collision Center are general partnerships and (2) declaring the rights of Aldirawi, Mooti, and Elsaleh in the partnerships. Aldirawi also asserted causes of action for breach of fiduciary duty, fraud, and breach of contract/quantum meruit/unjust enrichment.  He also included a motion for accounting/access to records and requested all costs and reasonable and necessary attorney's fees "[p]ursuant to Sections 37.009 & 38.001 of the Texas Civil Practice & Remedies Code and Chapter 27 of the Texas Business & Commerce Code."

In 2009, the trial court granted declaratory judgment in favor of Aldirawi, finding that a partnership had been formed based on Mooti's and Elsaleh's actions, including adding Aldirawi's name to a deed for real property owned by the partnership.

Thereafter in 2011, Mooti and Elsaleh filed a no-evidence motion for summary judgment, alleging that, after an adequate time for discovery, Aldirawi failed to produce any evidence that Mooti or Elsaleh breached any fiduciary duty they owed to Aldirawi, committed any act of fraud, or breached any contract they may have had with

---

[1] Aldirawi did not file a brief; therefore, we will accept as true Mooti's and Elsaleh's statement of facts. *See* TEX. R. APP. P. 38.1(g) ("In a civil case, the court will accept as true the facts stated unless another party contradicts them.").

Aldirawi. Mooti and Elsaleh also alleged that there was no evidence supporting Aldirawi's allegations of quantum meruit or unjust enrichment, that there was no evidence of any act or omission by them that was a proximate or producing cause of any damage to Aldirawi, and that there was no evidence that Aldirawi sustained any damages. The trial court granted Mooti and Elsaleh's no-evidence motion for summary judgment as to Aldirawi's claims of fraud, fraud by nondisclosure, fraud in a real estate transaction, breach of contract, quantum meruit, and unjust enrichment.

In July 2011, Mooti and Elsaleh filed a first supplemental petition and answer to Aldirawi's "Counterclaim." Mooti and Elsaleh alleged in the supplemental petition breaches of partnership duties, conversion, assumpsit, breach of contract, negligence, and gross negligence. They also stated that they were "entitled to recover reasonable and necessary attorney[']s fees under Chapter 38 of the Texas Civil [P]ractice and Remedies Code, Texas Theft Liability Act, Chapter 27 of the Texas Business and Commerce Code and other statutes and common law."

Aldirawi then filed his "First Amended Counterclaim." In it, Aldirawi again requested a declaratory judgment (1) declaring that Bryan Auto Body & Auto Sales and Brazos Valley Collision Center are general partnerships and (2) declaring the rights of Aldirawi, Mooti, and Elsaleh in the partnerships. Aldirawi also again asserted a cause of action for breach of fiduciary duty. He also included a motion for accounting/access to records, requested that a receiver be appointed to wind up and terminate the partnership, and requested all costs and reasonable and necessary attorney's fees "[p]ursuant to Sections 37.009 & 38.001 of the Texas Civil Practice & Remedies Code."

On August 25, 2011, Mooti, Elsaleh, and Aldirawi stipulated in writing:

> The parties have incurred attorney's fees in this case that were reasonable and necessary under the circumstances. The parties shall tender to the Court on or before the 10th day following the date of this stipulation the amount of the reasonable and necessary attorney's fees incurred by the respective parties from and after February 22, 2009, the date of the Declaratory Judgment hearing in this case. The parties shall additionally tender the amount of their requested fee, in the event the case is appealed to the Court of Appeals and in the event the case is appealed to the Texas Supreme Court.
>
> The decision regarding award of attorney's fees in this case shall be left to the discretion of the Court.

That same day, the parties also stipulated in a separate writing:

> Unless otherwise agreed to by the parties prior to entry of the final judgment herein, the Court will take the jury's answers to Question No. 2 in the jury's verdict, and divide the total value of the partnership by three (3). That number shall represent each partner's interest in the partnership.
>
> Then, the Court will, considering the jury's answer to Question No. 3 in the jury's verdict, make a monetary award to equalize each partner's interest in the partnership.

In response to Questions 1, 2, and 3 of the charge, the jury found:

(1)   the partnership between Mooti, Elsaleh, and Aldirawi dissolved on July 20, 2007;

(2)   the total value of the partnership was $959,311.00 ($487,811.00 for Bryan Auto Body & Auto Sales, $224,500.00 for Brazos Valley Collision Center, and $247,000.00 for Deyar Builders, Inc.); and

(3)   Mooti and Elsaleh should be awarded Bryan Auto Body & Auto Sales and Brazos Valley Collision Center while Deyar Builders, Inc. should be awarded to Aldirawi.

The jury also found in its verdict:

- Aldirawi did not fail to comply with the agreement of the parties;

- Aldirawi did not commit fraud against Mooti and Elsaleh;

- Aldirawi did not breach his partnership duties to Mooti and Elsaleh;

- Mooti did not fail to comply with his fiduciary duty to Aldirawi; and

- Elsaleh did not fail to comply with her fiduciary duty to Aldirawi.

Aldirawi subsequently filed a motion for attorney's fees, stating:

1.  During the jury trial of this action, Plaintiffs and Defendant entered into a stipulation submitting the award of reasonable and necessary attorney's fees to the Court rather than the jury.

2.  Defendant should be awarded attorney's fees as the prevailing party in the Declaratory Judgment action. As the Court is aware, Defendant prevailed in the first portion of the Declaratory Judgment action when the Court found that Defendant was a 1/3 partner in a partnership that owned three businesses – Bryan Auto Body & Auto Sales, Brazos Valley Collision Center, and Deyar Builders, Inc. In the second part of the Declaratory Judgment action, Defendant prevailed before the jury regarding the date of dissolution of the partnership and the disposition of the partnership's businesses between the parties.

3.  Pursuant to the Declaratory Judgment Act, Chapter 37 of the Texas Civil Practice & Remedies Code, Defendant should be considered the prevailing party and awarded his reasonable and necessary attorney's fees incurred in this matter. The Affidavit of Christopher W. Peterson concerning those fees is attached as Exhibit A and incorporated herein.

Pursuant to the stipulation, Mooti's and Elsaleh's counsel also filed his own affidavit in support of their request for attorney's fees.

On February 13, 2012, the trial court denied Mooti's and Elsaleh's motion for entry of final judgment, which provided for an award of attorney's fees and costs to them instead of Aldirawi. The trial court also overruled Mooti's and Elsaleh's objection to Aldirawi's proposed final judgment, in which they complained in part that Aldirawi was not entitled to prejudgment interest beginning on July 20, 2007 and that he should

not recover costs incurred in connection with dismissed or abandoned claims. The trial court then signed its judgment, which states as follows:

> Based on the trial court's verdict and the jury's verdict, it is ADJUDGED that:

> 1.  Mohamad Mooti, Ilham Elsaleh and Ahmad Aldirawi are partners in a partnership (the "Partnership").

> 2.  The Partnership owns the businesses known as Bryan Auto Body & Auto Sales, Brazos Valley Collision Center, and Deyar Builders, Inc.

> 3.  Mohamad Mooti, Ilham Elsaleh and Ahmad Aldirawi each have a 1/3 interest in the Partnership.

> 4.  The Partnership terminated on July 20, 2007.

> 5.  All right, title, and interests of any kind owned or claimed by any party in Bryan Auto Body & Auto Sales is awarded and distributed to Mohamad Mooti and Ilham Elsaleh.

> 6.  All right, title, and interests of any kind owned or claimed by any party in Brazos Valley Collision Center is awarded and distributed to Mohamad Mooti and Ilham Elsaleh.

> 7.  All right, title, and interests of any kind owned or claimed by any party in Deyar Builders, Inc. is awarded and distributed to Ahmad Aldirawi.

> 8.  Defendant Ahmad Aldirawi shall have and recover from Plaintiffs Mohamad Mooti and Ilham Elsaleh the amount of $72,770.33 (Seventy-two Thousand Seven Hundred Seventy and 33/100 Dollars).

> 9.  Defendant Ahmad Aldirawi is entitled to prejudgment interest on the damages awarded herein, measured from July 20, 2007, at the rate of 5% per annum, in the sum of $16,510.32 (Sixteen Thousand Five Hundred Ten and 32/100 Dollars).

> 10.  Defendant Ahmad Aldirawi is entitled to postjudgment interest on the total amount of the judgment and any prejudgment interest awarded hereinabove, at the rate of 5% per annum from the date this judgment is signed until paid.

11. Defendant Ahmad Aldirawi is entitled to the sum of $93,236.25 (Ninety-three Thousand Two Hundred Thirty-six and 25/100 Dollars), as reasonable and necessary attorney's fees, to bear interest at the rate of 5% per annum from the date this judgment is signed until paid. If Plaintiffs do not appeal this judgment to the court of appeals and time for appeal to that court has expired, or if Plaintiffs successfully appeal to the court of appeals, Plaintiffs shall be entitled to a remittitur of $10,000.00 against the judgment for attorney's fees; and if Plaintiffs do not appeal from the court of appeals to the Supreme Court of Texas and time for that appeal has expired, or if Plaintiffs successfully appeal to the Supreme Court of Texas, Plaintiffs shall be entitled to a remittitur of $10,000.00 against the judgment for attorney's fees. If Defendant Ahmad Aldirawi is required to perform post-judgment discovery and to satisfy the judgment by writ of execution and other procedures, Defendant Ahmad Aldirawi is additionally entitled to the sum of $5,000.00 (Five Thousand and No/100 Dollars) as reasonable and necessary attorney's fees, to bear interest at the rate of 5% per annum from the date this judgment is signed until paid.

12. Costs are hereby taxed against Plaintiffs.

Mooti and Elsaleh subsequently filed a motion to modify and correct the judgment, stating:

2.1 Plaintiffs request modification and correction of the Judgment because it includes an award to Defendant Ahmad Aldirawi of attorneys' fees that are not recoverable and/or should not have been awarded to Defendant.

2.2 Plaintiffs request modification and correction of the Judgment because it includes an award of prejudgment interest that is not recoverable and/or should not have been awarded to Defendant.

2.3 Plaintiffs request modification and correction of the Judgment because it includes an award of court costs to Defendant that is not recoverable and/or should not have been awarded to Defendant.

2.4 Plaintiffs request modification and correction of the Judgment because it fails to include an award of attorneys' fees and court costs in favor of Plaintiffs.

The motion was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). Mooti and Elsaleh also filed a request for findings of fact and conclusions of law and then a notice of past due findings of fact and conclusions of law; however, the trial court made no separate findings of fact or conclusions of law.

**Prejudgment Interest**

In their first issue, Mooti and Elsaleh contend that the trial court improperly awarded Aldirawi prejudgment interest because any sums due to Aldirawi under the final judgment resulted from the jury's valuation of the businesses owned by the partnership and an equalization of the partners' interests in the partnership as a whole—not money owed as damages.

Prejudgment interest is compensation for the lost use of money owed as damages. *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 812 (Tex. 2006); *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998). The award of prejudgment interest is meant to encourage settlements and to discourage delays in litigation. *See Johnson & Higgins of Tex.*, 962 S.W.2d at 529; *AMX Enters., L.L.P. v. Master Realty Corp.*, 283 S.W.3d 506, 512 (Tex. App.—Fort Worth 2009, no pet.).

Here, Aldirawi did not recover on any claim for damages. Rather, as to Aldirawi's request for a declaratory judgment declaring his, Mooti's, and Elsaleh's rights in the partnership, the jury found:

(1)    the partnership between Mooti, Elsaleh, and Aldirawi dissolved on July 20, 2007;

(2)    the total value of the partnership was $959,311.00 ($487,811.00 for Bryan Auto Body & Auto Sales, $224,500.00 for Brazos Valley Collision Center, and $247,000.00 for Deyar Builders, Inc.); and

(3)     Mooti and Elsaleh should be awarded Bryan Auto Body & Auto Sales and Brazos Valley Collision Center while Deyar Builders, Inc. should be awarded to Aldirawi.

Aldirawi, Mooti, and Elsaleh had then stipulated that the trial court would make a monetary award to equalize each partner's interest in the partnership based on the jury's answers to Question Nos. 2 and 3. We therefore agree with Mooti and Elsaleh that the trial court improperly awarded Aldirawi prejudgment interest. We sustain Mooti and Elsaleh's first issue.

**Aldirawi's Attorney's Fees**

In their second issue, Mooti and Elsaleh contend that the trial court improperly awarded attorney's fees and costs to Aldirawi. The determination of whether attorney's fees are available in a particular case is a question of law, which is reviewed by this court under the *de novo* standard. *See Holland v. Wal-Mart Stores*, 1 S.W.3d 91, 94 (Tex. 1999). If a right to attorney's fees exists as a matter of law, then the review of attorney's fees is under an abuse of discretion standard, as is the allocation of costs. *See Bocquet v. Herring,* 972 S.W.2d 19, 21 (Tex. 1998); *Shaikh v. Aerovias De Mexico*, 127 S.W.3d 76, 82 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Z.A.O., Inc. v. Yarbrough Drive Ctr. Joint Venture*, 50 S.W.3d 531, 550 (Tex. App.—El Paso 2001, no pet.).

Texas law does not allow recovery of attorney's fees unless authorized by statute or contract. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006). Section 37.009 of the Civil Practice and Remedies Code authorizes the trial court to award reasonable and necessary attorney's fees in its discretion—"as are equitable and just"—in a declaratory-judgment action. TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West

2008).

Aldirawi pleaded for declaratory judgment and specifically for attorney's fees under section 37.009 of the Civil Practice and Remedies Code, and the trial court granted declaratory judgment. Therefore, the trial court was authorized to award attorney's fees to Aldirawi. *See id.*

Mooti and Elsaleh nevertheless argue that Aldirawi cannot recover attorney's fees under chapter 38 of the Civil Practice and Remedies Code because he did not recover damages on his breach of contract claim, and Aldirawi is not allowed to recover under chapter 37 of the Civil Practice and Remedies Code the same fees that he cannot recover under chapter 38. Mooti and Elsaleh contend that this would violate the rule in *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 669 (Tex. 2009), that a party cannot use the Declaratory Judgment Act as a vehicle to obtain impermissible attorney's fees. But the declarations sought and obtained by the Woodlands Operating Company in *MBM Financial* merely duplicated issues already before the trial court, *id.* at 670-71, while the attorney's fees awarded to Aldirawi in this case under chapter 37 of the Civil Practice and Remedies Code are not the same fees that he is prevented from recovering under chapter 38. *MBM Financial* is therefore distinguishable.

Mooti and Elsaleh also argue that Aldirawi should not have recovered attorney's fees because his proof of attorney's fees is fatally defective. More specifically, Mooti and Elsaleh contend that Aldirawi's affidavit in support of attorney's fees is insufficient to support an award of attorney's fees because the fee statements attached to the affidavit have been redacted to the point that they provide no proof of the information

required to determine reasonable fees. Mooti and Elsaleh also complain that Aldirawi failed to segregate fees between claims for which attorney's fees were recoverable and claims for which they were not.

First, Mooti and Elsaleh have not preserved for appellate review their complaint that Aldirawi failed to segregate fees because Mooti and Elsaleh did not make a sufficiently specific complaint to the trial court about the issue such that the trial court was made aware of and was given the opportunity to rule on the issue. *See* TEX. R. APP. P. 33.1; *McCalla v. Ski River Dev. Inc.*, 239 S.W.3d 374, 383 (Tex. App.—Waco 2007, no pet.) ("[T]he opposing party must properly preserve for appellate review a contention that the fee claimant failed to segregate the fees sought."). Second, Aldirawi's counsel's billing records did not need to be introduced into evidence to recover attorney's fees in this case. The parties here stipulated that they "incurred attorney's fees in this case that were *reasonable and necessary* under the circumstances." [Emphasis added.] They therefore stipulated that they need only "tender to the Court … the *amount* of the reasonable and necessary attorney's fees incurred by the respective parties from and after February 22, 2009 … [and] additionally tender the *amount* of their requested fee, in the event the case is appealed to the Court of Appeals and in the event the case is appealed to the Texas Supreme Court." [Emphasis added.] The affidavit in support of attorney's fees itself is some proof of the amount of Aldirawi's reasonable and necessary attorney's fees and is therefore sufficient to support the award of attorney's fees.[2] *See*

---

[2] In the affidavit, Aldirawi's counsel avers that, in his opinion, "attorney's fees in the amount of $58,756.14 (which does not include the $14,480.11 previously awarded by this court) would be a reasonable fee for the necessary services performed in this matter." His opinion was based on the following factors:

*City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005) (setting forth standard of review for legal sufficiency).

Finally, Mooti and Elsaleh argue that the trial court abused its discretion in awarding court costs to Aldirawi because he was not the successful party to the suit, nor did the trial court make a specific finding of good cause to award costs to the unsuccessful party. *See* TEX. R. CIV. P. 131 ("The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided."); 141 ("The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules."). But, like with attorney's fees, section 37.009 of the Civil Practice and Remedies Code authorizes the trial court to award costs in its discretion—"as are equitable and just"—in a declaratory-judgment action. TEX. CIV. PRAC. & REM. CODE ANN. § 37.009; *see Pena v. Garza*, 61 S.W.3d 529, 531 (Tex. App.—San Antonio 2001, no pet.) ("The rules of procedure are general rules; statutes are specific. Thus, when the two conflict, the statute trumps the rule.").

Aldirawi pleaded for declaratory judgment and specifically for costs under section 37.009, and the trial court granted declaratory judgment. Therefore, the trial

---

1. The novelty and difficulty of the issue involved, the skill required to provide the legal services properly, and the experience, reputation, and expertise of the lawyer or lawyers performing the services;
2. The time and labor involved to perform the legal services properly; and
3. The fee customarily charged in the community for similar services.

Aldirawi's counsel also stated in the affidavit that, in his opinion, (1) "the amount of $5,000.00 would be a reasonable fee for the services required to perform post-judgment discovery and to satisfy the judgment by writ of execution and other procedures"; (2) "in the event this case is appealed to the court of appeals, attorney's fees in the amount of $10,000.00 would be a reasonable fee for services performed in this cause on appeal to the court of appeals"; and (3) "in the event this case is appealed to the Texas Supreme Court, additional attorney's fees in the amount of $10,000.00 would be a reasonable fee for services performed in this cause on appeal to the Texas Supreme Court."

court did not abuse its discretion in awarding court costs to Aldirawi. We overrule Mooti's and Elsaleh's second issue.

## Mooti's and Elsaleh's Attorney's Fees

In their third issue, Mooti and Elsaleh contend that the trial court improperly failed to award them attorney's fees and costs. Mooti and Elsaleh argue that they are the successful parties in this case because (1) their no-evidence motion for summary judgment was granted as to all of Aldirawi's claims except his claim for breach of fiduciary duty; (2) the jury found in their favor on that sole remaining claim; and (3) under the jury's verdict, they would be required to pay Aldirawi more than ten percent less than they would have paid had Aldirawi accepted their settlement offer made prior to the commencement of litigation. Mooti and Elsaleh further assert that, in support of their request for attorney's fees, they provided an affidavit with attached billing records that amounted to legally sufficient, uncontroverted evidence in favor of their requested attorney's fees.

But, as stated above, Texas law does not allow recovery of attorney's fees unless authorized by statute or contract. *Tony Gullo Motors I*, 212 S.W.3d at 310. And Mooti and Elsaleh do not identify any statute or contract provision that would entitle them to recover attorney's fees. An award of attorney's fees is generally inappropriate for defending claims for breach of contract, breach of fiduciary duty, and fraud. *See MBM Fin. Corp.*, 292 S.W.3d at 667; *W. Reserve Life Assurance Co. of Ohio v. Graben*, 233 S.W.3d 360, 377 (Tex. App.—Fort Worth 2007, no pet.); *Cytogenix, Inc. v. Waldroff*, 213 S.W.3d 479, 490-91 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

We further hold that the trial court did not improperly fail to award Mooti and Elsaleh recovery of their costs against Aldirawi. We overrule Mooti and Elsaleh's third issue.

## Conclusion

We modify the trial court's judgment by deleting the award of prejudgment interest to Aldirawi. We otherwise affirm the trial court's judgment.


                REX D. DAVIS
                Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed as modified
Opinion delivered and filed June 12, 2014
[CV06]